**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 21 2025

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

(To be supplied by the court)

C.S. Robledo _____, Plaintiff

v.

Jenna Charest _____,

Todd Geddes _____,

Megan Zimmerman _____,

Sarah Hall _____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**PRISONER COMPLAINT**

---

| **NOTICE** |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. <br><br> **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

(To be supplied by the court)

_C.S. Robledo_____, Plaintiff

v.

_Jenna Charest_____,

_Todd Geddes_____,

_Megan Zimmerman_____,

_Sarah Hall_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## PRISONER COMPLAINT

---

## NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

DENVER COUNTY COURT
520 W. Colfax Ave.
Denver, Co    80202

C.S. Robledo - Valdéz

v.

Jenna Charest,
Todd Geddes,
Sarah A. Hall,  and
Megan Zimmerman

COURT
USE
ONLY

C.S. Robledo, Paralegal
1650 Hwy 492
Walnut Grove, MS. 39189

CASE No:

25CV_____

COMPLAINT

PURSUANT TO C.R.S. §13-21-131 and the Constitutions of Colorado AND USA.

Comes the Victim-Plaintiff, CRAIG S. ROBLEDO-VALDÉZ to sue the Defendants for Tort; Civil Rights Violations; and Constitutional Rights Violations.

## I. PARTIES

A.) PLAINTIFF - Craig Robledo - Valdéz at 1650 Hwy 492
                                    Walnut Grove, MS    39189

B.) DEFENDANTS - (1.) Jenna Charest at 9717 E. 113th Ave
                                        Henderson, Co    80640

(2.) Todd Geddes at 1331 Cherokee St.
                        Denver, Co    80202

(3.) Sarah A. Hall at 236 Wyandott St. in Denver, Co  80239

(4.) Megan Zimmerman at 940 Broadway Avenue
                            Denver, Co    80203

## II. VENUE AND JURISDICTION

Venue is proper where the defendants live and work in Denver and the "Metro Area", And all the torts and crimes they committed occurred in Denver County. The defendants are citizens of Colorado.

They ensured the unlawful incarceration of Plaintiff in the Jefferson County; Douglas County; and Denver County jails in 2023.

They are sued in their official and individual capacities herein.

A. Plaintiff asserts jurisdiction according to the following:

1.) Article II of the Colorado Constitution
2.) CRS § 13-21-131
3.) United States Constitution
4.) 42 USC § 1985
5.) 42 USC § 1983
6.) Diversity Jurisdiction
7.) Any other jurisdiction or code of law this Court believes applies herein.

# III. NATURE OF THE CASE

On December 15, 2022, Jose Flores of Guatemala, living in New York, used Instagram™ to send a "message request" to Jayme M. DeHoyos in Castle Rock. (see 23 CV 44 - "Robledo v. DeHoyos")

On December 29 or 30, 2022, J. DeHoyos notified Castle Rock P.D. and spoke to officer Kyla *Gurovich or **Badvic** on body camera at her house she shares with husband Alex Jimenez. (Radulovic)*

Detective Ryan Hanners was assigned to the case (23 M 111). Hanners contacted parole officer Sarah Hall (since been fired from CDOC) and former officer Jenna Charest.

No warrant issued until January 24 or 25, 2023, nor a case #. HoWEVER, Plaintiff was ordered to surrender at 940 Broadway Ave in Denver (CDOC Parole Division Headquarters) on January 11, 2023.

Former officer Hall handcuffed zhim (Plaintiff is gender-neutral) and former supervisor Charest ordered that Plaintiff be taken to the Jefferson County Jail pending "investigation by Castle Rock police department."

Thus was Detective Hanners' email and phone call the catalyst for Plaintiff's arrest and confinement.


From Jan. 11, 2023 to January 24, 2023, former officer Hall and Charest emailed Hanners, asking him to hurry up and "charge" Robledo with a crime and case, so they could justify zhis detention to their superiors and to the parole Board. CDOC policy and various statutes (CRS § 17-2-201; § 17-2-203; § 17-1-203; § 17-2-103) require a prisoner be released after 10 working days if simply pending parole revocation service or an investigation by the parole officers.

In one email, Hall tells Hanners she "can only hold [z]him" until "Thursday", and she will attempt her "damndest to get this guy back in DOC, the quicker the better." (see Denver case 23 CR 1653; trial exhibits and Discovery)

Hanners agreed to personally speak with the district Attorney's office and try to "speed things up".

The warrant issued by Jan. 25th. Plaintiff was retrieved by Douglas County the 26th.

2

Plaintiff remained in the Douglas County jail until February 17, 2023.

Charest and Hall had asked the Sheriff of Douglas County to hold Plaintiff despite zhim having posted bail on or about January 28, 2023.

From February 20, 2023 to March **22**, 2023, defendants Charest and Hall and Zimmerman conspired with detective Todd Gedder to wrongfully incarcerate Craig Robledo and abuse/misuse the legal process against zhim to ensure false charges and undue prosecution.

Charest; Hall; and Zimmerman worked for the CDOC at the time. They were upset that Plaintiff had entered a settlement agreement with the CDOC for over $100,000.00 (US) and that zhe was in a position to sue each of them for theft of zhis cellphone and Discovery materials for 2 different civil cases against CDOC.

All 3 women learned of Robledo's possession of numerous photos of prison staff and heard that zhe possessed numerous addresses as well.

When they heard zhe intended to utilize Free Speech and U.S. Mail and exercise zhis First Amendment Rights by disseminating said Discovery to various prisons in Colorado; the defendants were angered and did every possible thing to prevent the exercise of this First Amendment Right.

First, they stole it all, along with Plaintiff's phone. When ordered to return it, they contacted detective Geddes and asked him to create an arrest warrant affidavit which — if signed by a Court — would allow Charest and Hall to arrest zhim.

Together, Geddes and Charest took turns writing portions of the Arrest Warrant Affidavit (AWA); using deception and lies to create a story that Plaintiff's possession of Discovery and intent to share it all constituted a crime against the CDOC.

Geddes, a veteran detective of 30 years, knew exactly how to persuade a judge to sign the warrant and authorize it. He did this Mar. 21, 2023.

On March 22, 2023, parole officers arrested Plaintiff on zhis way to the Supreme Court of Colorado, executing the warrant engineered by Charest and Geddes and Zimmerman.

From this date forward, all 4 defendants conspired, lied, and schemed to get the case past the preliminary hearing and to a trial.

Charest; Hall; and Geddes testified falsely at numerous hearings and proceedings against Plaintiff.

After trial, and sentencing, CDOC terminated Charest and Hall after an investigation into their treatment of Robledo and their lies/perjury.

Such is the nature of this case and lawsuit.

# IV. CLAIMS

A.) CLAIM ONE: Conspiracy to Interfere with Rights (42 USC § 1985) and Wrongful Imprisonment and Retaliation

FACTS: Plaintiff has a well-established Right to exercise Free Speech without retaliation AND to access the Courts without any retaliation from law-enforcement.

On February 15 or 17, 2023, Denver Small Claims case number 23 S 0137 was filed against Jenna Charest and Megan Zimmerman. The trial date or hearing for said case was set for April 5 or 12, 2023 while Robledo was at this preliminary hearing for Denver case 23 CR 1653.

The Small Claims case was brought against Zimmerman and Charest for stealing Plaintiff's Discovery and a cellphone this mother bought this him.

The filing of this Small Claim angered Zimmerman and Charest. On March 7, 2023, they were ordered to return all Discovery to Plaintiff, but not the cellphone.

As retaliation for the filing of a Small Claim against them; Charest and Zimmerman contacted Todd Gedies in February and March of 2023 to falsely claim Robledo "threatened" them. (Attached)

They, and Sarah Hall, told Gedies the Plaintiff was threatening to mail public information about CDOC prison guards to inmates in CDOC. This is protected conduct AND protected speech.

"In reaching this conclusion, we recognized a significant volume of precedent from the Supreme Court and other circuit Courts protecting the creation of information in order to protect its dissemination."

Animal Legal Defense v. Kelly, (10th Cir. 2021)

"Freedom of expression encompasses the publication and dissemination of written [or printed] materials."

Jordan v. Pugh, F. Supp. (D. Colo. 2007) quoting Cardtoons, (10th Cir. 1996)

In seeking to prevent Plaintiff from disseminating the publicly available information, the defendants created a prior restraint.

"[P]rior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment Rights."

People v. Bryant, (Colo. 2004) quoting Nebraska Press, U.S., S.Ct., (1976)

Todd Geddes took the parole officers' claims and then interjected and mixed in his own lies. Geddes stated Plaintiff was threatening zhis entire parole supervision team in order to get zhis "parole conditions" either changed or modified.

"A threat to injure another person necessarily involves threatening to use force capable of injuring another person."

United States v. Mjoness, F.4th (10th Cir. 2021)

Geddes knew there were zero threats made by C.S. Robledo on either the audio recording or the video recording made by Charest and Hall. But Geddes wanted to help Charest; Hall; and Zimmerman falsely and wrongfully incarcerate Plaintiff.

To do this, he needed to secure a warrant. This required lying/deceiving. Geddes implied, in his A.W.A., that Plaintiff's mention of CDOC staff addresses and the fact that zhe knows convicts in prison, was an attempt to threaten or intimidate the parole officers.

But "threats" to disseminate addresses of third parties not present (neither Charest nor Hall were prison guards, and Zimmerman was not present for either conversation) is protected speech.

"The Government may not penalize an individual for exercising his or her First Amendment Rights."

People v. Montante, (2015 COA 40)

(referencing McCutcheon v. FEC, U.S., S.Ct., L.Ed.2d (2014)

Geddes' entire affidavit and Charest's entire police report, and Zimmerman's emails to Geddes are all complaints and criticisms of Robledo's First Amendment Speech and creation of speech.

"An officer may not base [her] probable cause determination on speech protected by the First Amendment."

Mink v. Knox, (10th Cir. 2010)

Plaintiff was challenging zhis treatment by parole officers and their theft of zhis belongings. There was no crime and no threat.

"The [Supreme] Court made clear that 'the freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.'" Jordan v. Jenkins, (10th Cir. 2023) quoting Hill, U.S, S.Ct, (1987)

The fact that Charest and Zimmerman only began contacting Denver police after Plaintiff sued them in Small Claims Court, and after their own DOC investigation team (the OIG) determined there were no threats, indicates pure retaliation for grievances and lawsuits.

"There is no question that Plaintiff's conduct of filing grievances and lawsuits is protected under the First Amendment."

Delmart Vreeland v. Polis, (D. Colo. 2023) and

Gee v. Pacheco, (10th Cir. 2010)

Zimmerman, Hall, and Charest felt that CDoC employees are special and no one can look their addresses up online or share them.
Though Plaintiff only mentioned CDoC prison staff addresses, Gedder chose to frame these 3 parole officers as the "victims".
There is no law nor statute which exempts CDoC officers from Plaintiff's First Amendment Rights.

"[T]he First Amendment protects one's right to receive and distribute information[.]"

Tattered Cover, Inc. v. City of Thornton, (Colo. 2002)

Gedder cannot hide behind the parole officers' lies or deceit; neither can the 3 women officers hide behind Gedder' status as a detective or his warrant. "The fellow officer rule 'does not protect deliberate, reckless, or grossly negligent reliance on the flawed conclusions of a fellow officer,' and another officer's 'erroneous probable cause determination' will not 'transform [an] unreasonable belief' that probable cause existed ... into a reasonable belief." Minter v. City of Aurora, (D. Colo. 2022)

"[T]he Constitution is violated when an officer knowingly or recklessly uses false information to institute legal process." Sanchez v. Hartley, F.3d (10th Cir. 2016)

"[T]he prohibition on falsification of or omission of evidence, knowingly or with reckless disregard for the truth, was firmly established as of 1986, in the context of information supplied to support a warrant for arrest."

(Id. quoting Gilchrist)

Gedder'; Charest's; Hall's sole objective was to prevent and punish the release of information by Robledo, AND to punish zhim for speaking about it. Zimmerman aided in this conspiracy. This was all retaliatory.

Geddes and Charest argued and alleged that the release of hundreds of DOC employees' addresses was "threatening" because the recipients thereof could possibly go to those addresses and harm DOC employees. However,...

"Any threat must be more than mere speculation or a veiled threat of unspecified future harm." *People v. Preciado-Flores*, (Colo. App. 2002)

Zimmerman was not present for any conversation with Plaintiff and Geddes knew this, yet he added her as a "victim" and added a "count" for her.
  It is not possible for Plaintiff to have threatened Zimmerman without speaking to her nor about her. Geddes knew this.

"It is clearly established that an officer cannot knowingly use false information to create the grounds for probable cause." *Hernandez v. Larson*, (D. Colo. 2023)

"[F]alse evidence cannot contribute to a finding of probable cause." (*Id.*)

"Any official who 'causes a citizen to be deprived of her constitutional rights can also be held liable. The requisite causal connection is satisfied if the defendant set in motion a series of events that the [officer] knew or reasonably should have known would cause others to deprive the Plaintiff of her Constitutional Rights." (*Ibid.*) (D. Colo. 2023)

Plaintiff's only claims to Charest and Hall were that she could and would, eventually, disseminate information about CDOC prison staff to inmates/convicts.

"The Supreme Court has explained that 'the creation and dissemination of information are speech within the meaning of the First Amendment." *Irizarry v. Yehia*, (10th Cir. 2022) and *Jordan v. Jenkins*, (10th Cir. 2023)

The Supreme Court and Tenth Circuit agree that law enforcement are not exempt from having information gathered or shared.
"Relatedly, the [Supreme] Court noted that '[g]athering information about public officials in a form that can readily be disseminated to others serves a cardinal First Amendment interest in protecting and promoting 'the free discussion of governmental affairs.'
 And that interest is especially prominent in matters involving law enforcement officials because they 'are granted substantial discretion that may be misused to deprive individuals of their liberties.'" *Irizarry v. Yehia*, (10th Cir. 2022)

Geddes allowed Zimmerman and Charest to help him author his A.W.A. or "probable cause statement".

"The Tenth Circuit has held that police officers who deliberately include misleading information in a probable cause statement may be liable for malicious prosecution."
Valenzuela v. Coleman, (D. Colo. 2022)

"Probable cause is a 'substantial probability'... that the suspect committed the crime, requiring something 'more than a bare suspicion.'"
Bledsoe v. Carreno, (10th Cir. 2022)

The State Court found imaginary "probable cause" at a plenary preliminary hearing because Todd Geddes lied in Court.
Geddes claimed (1.) Robledo wanted zhis parole conditions changed or modified; and (2.) Parole officers can change or modify parole conditions; and that (3.) Plaintiff "threatened" the 3 officers.

Geddes actually listed Zimmerman as a "victim" and requested 3 counts of "Attempt to Influence a Public Servant" despite Zimmerman not speaking with Plaintiff NOR even being Present for either conversation for which zhe was arrested.
Ergo, the court "found" probable cause that a crime was committed against Megan Zimmerman despite her never being present to speak with Plaintiff. (She did, however, help arrest Plaintiff in December of 2013.)

"Despite defendant's argument to the contrary, the determination of probable cause by the state court is not, in and of itself, conclusive evidence of probable cause."
Sanchez v. Hartley, F. Supp. (D. Colo. 2014)

"The First Amendment protects a significant amount of verbal criticizm and challenge directed at police officers."
Jordan, (10th Cir. 2023)

Plaintiff spent 13 months in jail for Geddes' lies and Charest's requests to maliciously prosecute zhim.
"The law should not require one who is falsely and maliciously accused to proceed to trial — incurring additional [costs] — as a prerequisite to recovery for malicious prosecution."
Anilao v. Spota, F. Supp. (E.D. NY 2011)

"If police officers [or parole officers] have been instrumental in the [prisoner's] continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors, or magistrates to confine or prosecute him. They cannot hide behind the officials whom they have defrauded."

Pierce v. Gilchrist quoting Robinson, F.2d (10th Cir. 1990)

The Tenth Circuit has "held that officers who conceal and misrepresent material facts to the district attorney are not insulated from a §1983 claim [simply] because the prosecutor, grand jury, trial court, and appellate court all act independently to facilitate erroneous convictions." (Id.)

Herein, detective Geddes maliciously brought charges against Plaintiff and teamed up with parole officers to maliciously prosecute zhim. All 4 of the defendants KNEW that Plaintiffs speech was protected by the First Amendment and Article II of the Colo. Constitution.
They simply didn't like how zhis speech made them FEEL.
The 3 parole officers got Geddes involved to punish Plaintiff for making them feel less tough, and more worried, about Craig Robledo.
Geddes knew this was a simple revenge case, against Robledo.
The Discovery revealed that the CDOC Office of Inspector General (OIG) had already determined no threats existed and had told Hall; Charest; and Zimmerman, in January and February of 2023.

"[P]olice may not interfere with orderly, non-violent [speech or] protests merely because they disagree with the content of the speech or because they simply fear possible disorder."

Minter v. City of Aurora, (D. Colo. 2022)

Geddes knew that the inapplicable charge he chose is a specific intent crime. He knew he lacked any evidence of intent on the part of Plaintiff.

"[W]hen specific intent is an element of the crime charged, the complaint seeking an arrest warrant must indicate facts which show probable cause to believe the required intent was present."

Quinn v. Young, (10th Cir. 2015)

Geddes listed no such intent in his A.W.A. and he still persuaded a judge to approve the warrant.
Charest and Zimmerman lied to various detectives and police in Feb. and March of 2023.

"(1) [Robledo] was engaged in constitutionally protected activity, (2) the [CDOC officers'] actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in [protected] activity, and (3) the defendant's actions were substantially motivated as a response to [zhis] protected [speech]."

*Bird v. U. Valley City*, F.3d (10th Cir. 2016)

Defendants claimed the discussion of disseminating information about DOC staff constituted a "threat of violence".

"The Court rejected the government's broad interpretation of 'threat' because it "would vastly expand the statute's reach by sweeping in conduct that poses an abstract risk to community peace and order, whether known or unknown to anyone at the time."

*United States v. Kepler*, (10th Cir. 2023)

"[S]tate and Federal officers are liable under § 1983 [and § 1985] when they conspire to procure groundless state indictments and charges against a citizen based upon fabricated evidence or false, distorted, perjurious testimony presented to official bodies in order to maliciously bring about a citizen's trial or conviction."

*Bledsoe v. Carreno*, F.4th (10th Cir. 2022) quoting
*Anthony v. Baker*, F.2d (10th Cir. 1985)

"To state a § 1983 conspiracy claim, [Robledo] has to allege 'specific facts showing an agreement and concerted action among defendants, [or] 'an agreement upon a common, unconstitutional goal' and 'concerted action' taken 'to advance that goal'." *(Id.)*

"An express agreement is consequently unnecessary." *(Ibid.)*

By conspiring to ensure Plaintiff could not gather nor release public information, the defendants violated Plaintiff's Right to Freedom of Speech and Expression. They created a prior restraint.

By retaliating against zhim for prior grievances and lawsuits, Charest, Hall, and Zimmerman violated laws and Constitutions.

By lying, Charest defamed Plaintiff, and Geddes framed zhim.

All 4 defendants falsely and maliciously instituted unnecessary legal process against Plaintiff as retaliation for Free Speech and Speech Creation and zhis intent to disseminate it freely. Zhe was arrested March 22, 2023, after being warned in advance by Lisa M. Deiter, a CDOC employee.

B.) CLAIM TWO: Malicious Prosecution; Abuse of Process; Intentional INFLICTION OF EMOTIONAL DISTRESS

FACTS: (1.) A prosecutor or detective "may not exercise the awesome power at [his] disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment."

Sexton v. City of Colorado Springs, (D. Colo. 2022)

"In challenges under the First Amendment, courts have recognized two types of injuries [that] may confer Article III standing...
The first is when 'the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder...'
The second is when a plaintiff 'is chilled from exercising her right to free expression or forgoes expression in order to avoid enforcement consequences."

Peck v. McCann, F. Supp. (D. Colo. 2021)

"[A]ny form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom."

Sexton, (D. Colo. 2022) quoting Worrell, F.3d (10th Cir. 2000)

"The second element is easily met since false charges or arrest are sufficiently adverse to support a retaliation claim."

Sodaro v. City of Denver, (D. Colo. 2022)

(2.) In Derosier v. Balltrip, F. Supp. (D. Colo. 2016), "[o]fficers lacked probable cause to arrest the plaintiff for harassment where the plaintiff told newspaper staff that he would 'take a shot' at any delivery persons that delivered a newspaper to his residence and where the complaint alleged only that the" plaintiff was tired of newspapers littering his property.

Nibeck v. Marion Police Dept. (N.D. Iowa 2016)

"[A]lthough the recipients of the message 'were upset and alarmed by it', the speech did not belong to any category of message exempted from First Amendment protections." (Id.)

Plaintiff has standing to sue for malicious prosecution herein because there was no probable cause to support charges nor arrest for free speech.

(3.) Plaintiff was ordered to appear at the West Parole office on 236 Wyandott St, on February 21, 2023.

Plaintiff spoke to a male officer (Brown) about how this female parole officer is sexually harassing zhim and how "Every time I have a female P.O., I end up in jail or prison."

Brown reported this comment in a DOC Chronological entry System.  (CHRON)

Sarah Hall saw it and texted Jenna Charest about it. (Exhibit T-1)

J. Charest's texts are in dark grey.

Her text, "He's gonna claim PERA or something?" was meant to state "claim PREA". (Prison Rape Elimination Act)

Charest was concerned the Plaintiff might file a PREA Sexual harassment complaint against Sarah Hall.

She explains she has a "plan" for Plaintiff and would discuss it "with Megan". (that's megan.zimmerman@state.co.us — the same Megan who was originally listed as a "victim" in 23CR1653.)

Charest admits she is "so Incredibly over this guy."

Sarah Hall likewise states, "I'm very over him as well."

In Exhibit T-1, Hall states, "He stalks and harasses women!" Which is demonstrably false.

The ridiculous Colorado "Stalking" Statute allows for convictions where No stalking occurred and no one was stalked.

It reads, conveniently, "or makes ANY form of communication" in "a manner that would cause a reasonable person to suffer serious emotional distress."

It allows for a speaker of free speech to be arrested in another State for merely sending Facebook messages to a person in Colorado which offends, worries, or scares them.

This is exactly what occurred twice in Jefferson County cases 14CR3027 and 16CR535.

Craig Robledo has never stalked NOR harassed ANYONE, ever.

Exhibit T-1 evinces a plot, conspiracy and motive between Hall and Charest and Zimmerman to attack and sabotage Plaintiff and to reincarcerate zhim.

4.) On February 23, 2023, Plaintiff was summoned to the same West Denver office by J. Charest to explain zhis comments which were made to officer Brown on the 21st.

After Charest asked various prodding questions of Plaintiff, specifically about having female parole officers and what it means to "get "off Sarah's caseload", Craig explained zhe meant, "If I sue her, I won't be on her caseload anymore."

Charest prodded again; "Nothing else?"
To which Plaintiff replied that "Yeah", there was nothing else. As in "yeah, that's everything."

Charest and Hall looked at Plaintiff with disbelief.
Silence followed for 10 seconds.

- Plaintiff broke the silence with, "Like, think about it : if I'm a convicted felon, like, 5 time convicted felon, and I know where most of y'all live, or how to find it, and I haven't done anything; and No one's gone and done anything; then everything should be fine, right?"    AND

- "Like, no one's shown up to anybody's house to bother anyone. No one's tires have been slashed. No one's house has been shot at.
I haven't done anything. I haven't asked anyone to do anything."

Later Craig says,

- "There are way worse people than me out there"    AND

- "I would like to just get along."

5.) On March 22, 2023, Plaintiff is surrounded by a team of Parole officers and arrested for all the Free Speech listed above in 4. and 3. and 2. Zhe was charged.

The charges are 3 Counts of "Attempt to Influence a Public Servant."
- One Count — Sarah A. Hall
- One Count — Jenna Charest
- One Count — Megan Zimmerman

The Information/Charges allege Plaintiff made "threats of violence" (by moral. mentioning tires being slashed and houses being vandalized.)

With specific intent to attempt to influence all 3 Parole officers' 'decision, vote, opinion, or action,' concerning their official duties and decisions as parole officers.

6.) At No point did the Indictment specify which 'decision' or 'action,' Plaintiff wanted or tried to influence or to change. A Bill of Particulars was requested twice, to no avail. Plaintiff was never told which of his statements were threats to which officer, nor which 'threat' was calculated to influence which decision/action an officer actually has.

7.) At the Preliminary Hearing, DDA Dustin Heard argued — with the help of detective Todd Geddes — that Plaintiff wanted all 3 parole officers to 'change,' or 'modify' this 'parole conditions,' and used 'threatening speech to attempt to accomplish that.

This was also the basis for the March 21, 2023 Warrant.

(a.) 'Contrary to [any] argument,' the parole board and DOC are separate entities in the Executive Branch.''

People v. Barber, (Colo. App. 2003) and People v. Gallegos, (Colo. 2000)

'Moreover, while the DOC governs the conditions of confinement[,] the Parole Board has authority to establish the conditions of parole. See § 17-22.5-403(8)'' (Id.)

(b.) 'Once an offender is on parole, the Parole Board alone has the power to continue, modify, or revoke parole. If the offender violates the terms and conditions of that parole.''

People v. Luther, (Colo. 2002)

(c.) 'Indeed both the CDOC and the Parole Board are state agencies, created pursuant to [different] Revised Statute[s].''

Beebe v. Colorado, (D. Colo. 2019)

'As a matter of Colorado law,'' CDOC nor Parole officers have any ability, 'to modify the terms [or] conditions of Parole.'' (Id.)

8.) On March 7, 2023, Petitioner went to 940 Broadway Ave. to meet with zhis new Parole officer (Tyler Wager) as ordered and scheduled on February 23, 2023.

Wager gave Robledo the Discovery Stolen by J. Charest on January 11, 2023.
The return of this stolen legal material was ordered by someone at the Attorney Generals office.

(a.) This same day, in an act of vengance, Megan Zimmerman emailed Denver police.

(b.) She and Charest had already begun reports against Petitioner on February 24, 2023.

9.) Denver police officers Aaron Winter and a "Mr. Olazaba" took reports and claimed many false things about Robledo.

(a.) Detective Todd Geddes took statements from Winter and Olazaba; added them into an "Affidavit" (Attached) and swore to their "authenticity" under "oath".

(b.) Todd Geddes' affidavit (see trial record) contains several instances of blatant Perjury which is easily disproven by video, audio, and phone calls currently in Discovery in this case (23 CR 1653) and on evidence.com.

(c.) Geddes' "affidavit" also contains numerous errors and inaccuracies.

10.) The lies and perjury of Todd Geddes are as follows; verbatim: (From his Arrest Warrant Affidavit)

(a.) "(JCSO 14 CR 3027) The day that Robledo was released to Parole, he contacted one of the victims in that case...and new charges were filed for VPO." (pg. 1 of affidavit)

• FACT: Robledo just spent 8 years incarcerated for 14 CR 3027

AND 16 CR 535 (Jefferson County). The only "victims" in those cases are FRANCESCA DELCASTILLO; NAOMI MARTELL and BOBBI JO PAYNE. All from Lakewood, Colorado.

Robledo was released from DOC on December 14, 2022.

Petitioner did NOT contact any "victims".

On December 15th, 2022, a guy named Jose Flores, from Honduras or Guatemala, who lives in New York, sent JAYME DEHOYOS a message on Instagram which states, "Craig says Hi. He lives in Denver now."

JAYME M. DEHOYOS is from San Antonio, Texas.

She is not, and never was, a victim of Robledo.

Robledo has NO felony cases against or for Jayme DeHoyos.

Douglas County filed 23 M 111 against Robledo on January 26, 2023.

\* THIS CASE WAS DISMISSED ON September 8, 2023 by Douglas County.

Geddes lied to make Robledo seem like a person who — immediately after leaving DOC — commits new crimes against the same "victims".

(b.) "He arrived with a stack of papers". (Id.)

FACT: Robledo arrived with a folder, made of thick plastic, containing legal documents, briefs, court orders, and Discovery from 3 Federal cases and 4 State cases. Charest eventually went through them and found photos of DOC staff, with BATES numbers. (16-cv-0192 [D.Colo.2020])

(c.) "Robledo told Parole Officer Charest that he intends to use the information he acquired on approximately three hundred DOC employees... if Parole essentially made him mad in how they supervised him."

FACT: Robledo did not say anything about "using" the "information", only about mailing it, via attorneys. Which is legal.

Robledo never said anything about officers making "him mad" nor said anything about "how they supervised him." The word "essentially" is speculative conjecture.

(d.) Robledo did not say zhe would "retain the information as leverage".

And **If** zhe did, C.R.S. § 18-8-306 is <u>not</u> triggered by "information as leverage". It needs "threat of vidence" or "deceit", or "economic reprisal".

(e.) "He told Pierce to have people drive by the houses in an effort to scare and intimidate the 'Parole Officers."

FACT: Robledo obtained addresses specifically to have Charest and (Megan) Zimmerman served in Small Claims case 23 S 937 (Denver)

Robledo wanted to make sure the addresses were correct and said <u>zhe</u> zhimself might have someone swing by and do a "visual inspection."

Robledo NEVER requested nor suggested anyone go by anyone's "houses in an effort to scare [or] intimidate" ANYONE.

This is perjury by detective Geddes.

* (And even if Robledo wanted someone to "scare" a parole officer, CRS § 18-8-306 requires "threat of violence", which is a higher bar than "scare" or "intimidate".)

(f.) Robledo never, in ANY phone call, asked nor told anyone to scare <u>nor</u> intimidate DOC staff, which includes parole officers.

(g.) "one of his victims who now resides in Texas."

FACT: Petitioner has NO "victims" in Texas; NO crimes nor convictions in Texas, despite being born and raised in Texas.

Neither Charest nor Hall ever mentioned this pretend "victim" on, before, or after February 23, 2023 because no such "victim" exists.

This was a lie.

(h.) "hasn't acted out of retaliation yet by doing 'driver-bys' of their houses or slashed their tires."

FACT: Robledo referenced DOC prison guards and the photos J. Charest stole from zhim and said, "Nobody's tires have been slashed" and "No one's house has been shot at."

• Robledo never said, "yet", or "drive bys", or referred to "their" (Charest or Hall's) houses or tires.
Zhe only generally referenced zhis ex-girlfriend and some prison guards as "Nobody" and "No one", in hypothetical, speculative terms.

Geddes LIED to give the appearance of Robledo directing hypothetical vandalism "threats" at Charest and Hall personally, in order to obtain a warrant.

(i.) "Robledo told officers that he hates females"

FACT: The 02/23/23 meeting is recorded. Robledo never said nor implied zhe "hates females".

Geddes lied to make Robledo seem menacing to female judge Reneé Goble, so she would grant the arrest warrant.

(j.) "has made repeated phone calls [to prosecutors in Douglas County] and hung up."

FACT: Robledo was Pro Se in Douglas County case 23 M111. Zhe called Alex Franklin and Regan Urquhart and left voicemails about Discovery therein.

These calls were made from a Hotel
If Robledo had "hung up", no one would have known zhe was calling, nor why.
* Geddes lied to make Petitioner seem like a stalker.

But, calling Douglas County prosecutors is not relevant to Denver charging zhim under CRS § 18-8-306.

It does not support probable cause and was irrelevant.

(K.) "is causing distress in how they lead their daily lives."

FACT: Neither "victim" is concerned about Robledo.
Neither Charest's, Zimmerman's, nor Hall's photos or addresses are in the hands of Robledo's attorneys
NOR is either woman part of Operation: Information

Geddes has no proof they are "distressed"
And if he did, "distress" is not part of § 18-8-306
Both women were investigated, suspended, and lost
* their DOC jobs, after Petitioner's trial.
It was determined they conspired against Robledo, and committed Perjury.

(l.) "[In] the meeting are parole officer Jenna Charest; parole officer Sarah Hall; and the suspect, Robledo."

FACT: Parole officer Tyler Wager was also present.
Charest transfers Robledo to Wager on that day, in that room; during that meeting.

(m.) "Was not allowed internet access" (Id.)

FACT: At no point did DOC; Megan Zimmerman, or J. Charest tell or advise Robledo that zhe could not use internet.
At NO point was internet prohibited.

Geddes is a liar.

(n.) Craig Robledo is NOT on parole for any sex offenses.
(see People v. Silvanic, [23 COA 16])
If zhe was, Silvanic controls anyway.
Geddes was misinformed.

(o.) Robledo was not jailed for "parole violation" on 01/11/23. Zhe was taken for an investigatory "hold" in connection with 23 M 111, before Douglas County charged zhim.

(p.) Each photo has a clearly visible, white BATES Number on it, as can be seen on evidence.com or by asking Denver DA Dustin Heard.
(see Robledo v. CDOC, [16-cv-0192] D. Colo 2017)

(q.) "Would not have photos of the officers yet" (pg. 3)

This statement was never made by Robledo.
It makes no sense because Todd Gedder is a moron.

(r.) "all sorts of information on parole and DOC officers."

FACT: CDOC officers include parole officers. They are of the same "Type 2 entity" according to statute.

Robledo did not say this remark.
If zte did, it is "Free Speech" and does not trigger CRS § 18-8-306.

(s) "houses could be shot up" and "is essentially dangling the idea."

FACT: Robledo never said houses "could be" shot up.
"Essentially" is speculative, opinionated, conclusory language.

Robledo's references are not "True threats" under Counterman v. Colorado (2023).

None of this triggers § 18-8-306

(t.) As stated at (m.), DOC never prohibited internet access while on "parole". Never.

(u.) The monitoring company — not Ms. Hall — refused re installation.

(v.) "to do all this", was said as Robledo waved zhis hands over all the grievances and paperwork in front of zhim, on a table. Lawsuits do indeed take time.

(w.) "Again, the suspect appears to be demonstrating a knowledge base..."

**FACT:** This is opinion and conjecture by Todd Geddes. And "demonstrating a knowledge base" that indicates Robledo knows things is __NOT__ a "threat of violence" under CRS § 18-8-306.

(x.) "at any time, while in prison, he could have had the house of someone shot up..."

**FACT:** Robledo only stated zhe could've had Francesca DelCastillo's house or her family's house shot up. Geddes states "someone" to imply Robledo is threatening parole officers.

(y.) Petitioner never said anything about visually inspecting Zimmerman's address. Zhe elected to serve her at her workplace.

(z.) All packets are one packet regarding Territorial Jurisdiction. Such are the packets mentioned by Robledo on the Phone. John Blatnick specializes in Article III and Article IV challenges and Sovereignty and Strawman concepts.

11.) THANKFULLY, both 01/11/2023 __and__ 02/23/23 were fully recorded, as were all jail phone calls.

As such, it is __very__, VERY easy to disprove all of Geddes (false) statements in his perjured "affidavit".

However, even if every word was true therein (most of it is Lies), there would __still__ be no grounds for arrest under CRS § 18-8-306, or any crime. ALL of Robledo's words are Protected Speech, and zhis treatment by defendants war Malicious prosecution.

12.) Plaintiff was prosecuted because of Todd Geddes; Sarah Hall; Megan Zimmerman; and Jenna Charest.

Zhe spent over a year in jail as a pretrial detainee for Free Speech.
Only Charest's lies to Geddes, and Geddes' lies to judge Reneé Goble, allowed an arrest warrant to issue.

13.) Because there was absolutely no "True Threats" from Plaintiff, zhis speech was not grounds for arrest.
Whether zhe "Attempted to" influence a "Public servant" is a different topic.
The "threat of violence" alleged by Todd Geddes does not exist.
Geddes and Charest's lies constitute outrageous conduct and defamation of Plaintiff.
Geddes knew that, as a trusted detective, he would be believed <u>and</u> be able to obtain a warrant.
Charest and Zimmerman knew that, as law-enforcement, they would make excellent "victims" of a parolee or zhis speech.

14.) The outrageous conduct of defendants caused irreparable harm to this Plaintiff AND intentionally caused emotional distress to zhim.

(a.) Charest and Zimmerman lied to CDOC OIG staff.

(b.) Charest, Hall And Zimmerman lied to Denver Police staff and Geddes.

(c.) Geddes lied to a judge, or 2.

(d.) Charest and Hall lied to judge Alex Meyers and to 2 District Attorneys, in Court.

(e.) Geddes, Hall, and Charest falsified evidence.

(f.) The State dropped/dismissed Count 3 (the Zimmerman Count) due to having zero evidence Plaintiff ever spoke to Zimmerman.

The same rationale applied to the other Counts, only with respect to the Free Speech.

15.) Detective Geddes' false information in his Arrest Warrant Affidavit contributed to Craig's arrest and the prosecutor's bogus, impossible theory. (see Exhibit T-2, "deceive contact")

(a.) Officers are not to use any false or misleading information to procure an arrest warrant or file charges.

"[T]he Constitution is violated when an officer knowingly or recklessly uses false information to institute legal process."
   Sanchez v. Hartley, F.3d (10th Cir. 2016)

"It is a violation of the Fourth Amendment for an arrest warrant affiant to 'knowingly or with reckless disregard for the truth', include false statements in the affidavit."
   Wolford v. Lasater, F.3d (10th Cir. 1996)

"The actions of a police forensic analyst who prevaricates and distorts evidence to convince the prosecuting authorities to press charges is no less reprehensible than an officer who, through false statements, prevails upon a Magistrate to issue a warrant. In each case, the government official maliciously abuses a position of trust to induce the criminal justice system to confine and then to prosecute an innocent defendant."
   Sanchez, (10th Cir. 2016) quoting Pierce v. Gilchrist

"[N]o one [can] doubt that the prohibition on falsification or omission of evidence, knowingly or with reckless disregard for the truth, was firmly established as of 1986, in the context of information supplied to support a warrant for arrest."
   Sanchez, quoting Gilchrist

(b.) Parole officers Charest and Hall conspired with Todd Geddes to punish Petitioner solely for pure protected speech and expression, both of which are protected by both Constitutions. (Colorado and U.S.) (Exhibit T-2)

16.) The conspiracy by Charest, Hall, and Geddes to retaliate against Petitioner for this free speech and expression and this plan to release public information constitutes malicious prosecution; arrest without probable cause; and Fourth and First Amendment violations.

(a.) The interrogation of Petitioner on 01/11/2024 without reading any *Miranda* advisement was unconstitutional and violates the Fourth Amendment.

(b.) "(1) [Robledo] was engaged in constitutionally protected activity,

(2) the [officer's] actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in [protected] activity, and (3) the defendants' actions were substantially motivated [by] as a response to [this] protected [speech]."

*Bird v. W. Valley City*, F.3d (10th Cir. 2016)

(C.) Petitioner's protected speech was the only reason she was arrested and prosecuted. "Because the freedom to associate needs 'breathing room to survive', this court has recognized that associational rights must be 'protected not only against heavy-handed frontal attack, but also from being stifled by more subtle governmental influence."

*Americans for Property Foundation v. Bonta*, S.Ct., L.Ed. 2d (2021)

(d.) Petitioner made NO threats of any kind.

"Of course, if there is no question that a defendants' speech is protected by the First Amendment, the Court may dismiss the charges as a matter of law."

*United States v. Wheeler*, (10th Cir. 2015)

This Federal Court has the ability and duty to conduct an independent analysis of Petitioner's speech and announce that Petitioner's speech was protected and contains no "true threats".

"[A]n arrest in retaliation for the exercise of protected speech constitutes injury cognizable under our First Amendment jurisprudence."

*Irizarry v. Yehia*, F.4th (10th Cir. 2022)

Detective Geddes' requested a warrant solely in response to Free Speech.

"Relatedly, the [Supreme Court] noted that '[g]athering information about public officials in a form that can readily be disseminated to others serves a cardinal First Amendment in protecting and promoting 'the free discussion of governmental affairs.' And that interest is especially prominent in matters involving law enforcement officials because they 'are granted [the ability] to deprive individuals of their liberties.'"

Irizarry v. Yehia, (10th Cir. 2022)

"[F]or this protection to have meaning the Amendment must also protect the act of creating that material." (Id.)

Petitioner said, to 4 parole officers, that zhe and some lawyers had gathered information about DOC prison staff and would eventually disseminate all of it.

Officers Jenna Charest and Sarah Hall had Petitioner arrested for saying such words. (Exhibit T-2, Charests exposes her plan.)

"[P]hysical and verbal intimidation intended to deter a citizen from engaging in protected First Amendment activity violates that citizens Constitutional Rights." (Ibid.), and Jordan v. Jenkins, F.4th (10th Cir. 2023)

(e.) There was zero probable cause to support the arrest of Petitioner.

"For these reasons, we conclude that the no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." Irizarry v. Yehia, (Id.)

"Neither the officers' subjective beliefs nor information gleaned post-hoc bear on [the probable cause] inquiry."

Collins v. Barela, (D. Col. 2023) and A.M. v. Holmes, (10th Cir. 2016)

(f.) Petitioner engaged in Speech creation, and then confessed such Speech creation to parole officers.

"The Supreme Court has explained that 'the creation and dissemination of information are Speech' within the meaning of the First Amendment." *Irizarry and Jordan*, (10th Circuit)

Law enforcement get upset when the creation of speech concerns them personally.

This is dangerous for parolees. "Recognizing this danger, the Supreme Court has repeatedly extended the First Amendment to the creation of speech."
*Irizarry, and W. Watersheds v. Michael* (10th Cir. 2017)

"The First Amendment protects actual photos, videos, and recordings, and for this protection to have meaning, the Amendment must also protect the act of creating that material."
*Irizarry v. Yehia*, F.4th (10th Cir. 2022)

"[T]here is no fixed First Amendment line between the act of creating speech and the speech itself."

*W. Watersheds, v. Michael,* (10th Cir. 2017)

"Freedom of Expression has particular significance with respect to government because it is here that the state has a special incentive to repress opposition and often wields a more effective power of suppression."    (*Id.*)

(g.) The law was clearly established prior to parole officers' actually arresting Craig Robledo, and prior to detective Geddes typing his fraudulent affidavit.

"It is clearly established that an officer cannot knowingly use false information to create the grounds for probable cause." <u>and</u>

"[F]alse evidence cannot contribute to a finding of probable cause."
*Hernandez v. Larson,* (D. Colo. 2023)

C.) CLAIM THREE : Intentional Infliction of Emotional Distress

FACTS : Charest and Hall and Zimmerman Knew their statements about Robledo were lies.

They also repeatedly tried to enforce sex-offender parole conditions on zhim despite zhim NOT being on parole for any sex-offenses and not being court-ordered to take any sex-offender classes or treatment.

They refused to permit zhim to own an unmonitored smartphone or used any laptops without spyware or 24/7 monitoring on them.

They told zhim zhe couldn't date nor marry anyone without their permission/consent.

The entire conspiracy from them began shortly after arguments about having a smartphone and being on sex-offender parole supervision.

In fact, Charest and Hall only supervise sex offenders. Robledo was NOT on parole for ANY sex offense. Zhe was not subject to sex-offender treatment.

Hall and Charest were oppressing zhim.

Robledo was not released early from CDOC for parole. Zhe was forced to complete MANDATORY parole after serving all 8 years of zhis 8 years sentence (14 CR 3027).

Yet, zhe still faced revocation of parole if zhe possessed smart devices or viewed nude images or had a girlfriend or got married or used unmonitored phones.

"First, we conclude that, under the Colorado Constitution, [defendant] has a constitutionally protected privacy interest in his Google search history even when revealed only in connection with his I.P. address and not his name AND that, under Both the Colorado Constitution and the Fourteenth Amendment, he also has a constitutionally protected possessory interest in that same history.

Secondly, we conclude that [defendant's] Google search history implicates his right to freedom of expression, thus, the constitutional protections must be applied with 'scrupulous exactitude'."

People v. Seymour, (2023 CO 53)

"The Supreme Court has made clear that the First Amendment protects the Right of individuals to possess sexually explicit materials involving adults, let alone non-explicit sexually oriented materials."

United States v. Koch, F.3d (10th Cir. 2020);

United States v. Engelhart, F.4th (10th Cir. 2022)

Each time Charest and Zimmerman interfered with Plaintiff's Rights to privacy; free speech; freedom of association; or zhis right to be free from unreasonable search and seizure; they cause serious emotional distress. (People v. Silvanic, [23 COA 16])

Each time they lied about Craig Robledo and claimed zhe "threatened" DOC staff or their children, they intentionally engaged in outrageous conduct and caused emotional distress to zhim. (Exhibit L-1)

"The Court's decision in Murphy, and the prior penalty cases it relies on, leads us to conclude that the government's threat to revoke [Robledo's] supervised release for his failure to answer potentially incriminating questioning rises to the level of unconstitutional compulsion."

United v. Von Behren, F.3d (10th Cir. 2016)

The defendant's Knowing and wanton decisions to falsely charge this Plaintiff and maliciously prosecute zhim also qualifies as outrageous conduct and caused emotional distress.

"Defendants agree that the knowing or reckless falsification or omission of evidence in the pre-arrest and post-arrest stages of prosecution runs afoul of an accused's constitutional rights under the Fourth Amendment."

Lovern v. Dorschield, (D. Colo. 2014)

Plaintiff suffered emotional distress which was directly caused by the defendant's intentional lies and conduct.
Zhe has suffered weight loss; mental anguish; false imprisonment; and inability to sleep. Zhe deals with scorn as well.

Charest's false letter (L-1) to the Sheriff of Denver County also caused hardship and emotional distress for/to Plaintiff. It's 90% false.
She falsely claimed Plaintiff spoke of ordering drive-by "shootings" of her house.
Each time the defendants lied about the Plaintiff allegedly having violated a Park County protection order caused zhim emotional distress.

[NOTE: Much of what the defendants said, typed, and did, was not discovered by Plaintiff until Discovery was provided in 23CR1653 in April and May of 2023.]

## V. A. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____ CDoC _____

Docket number and court: _____ 16-cv-00192 _____

Claims raised: _____ Many _____

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) _____ Settlement _____

Reasons for dismissal, if dismissed: _____ Settlement ($122,000.00) _____

Result on appeal, if appealed: _____

## B. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

## VI.

### A.) REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

(1.) Individual Capacity Claims: $10,000 per day spent in the Denver City Jail. $1,000 per day spent in Douglas County. $700 for each time a defendant slandered, defamed or lied about Plaintiff. And $900 for each time they falsely alleged "threats".

(2.) Official capacity claims: Injunction preventing either defendant from lying about/slandering Plaintiff, OR inhibiting/punishing zhir Free Speech. Declaration that all speech herein named was protected.

(3.) Any other relief deemed appropriate.

(4.) Todd Geddes must be Fired from Denver Police Dept. and M. Zimmerman demoted.

### B.) PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature)

03 / 12 / 2025

(Date)

(Form Revised December 2017)

6



(Exhibit L-1)

**COLORADO**
Department of Corrections
Division of Parole

Broadway Parole Office

940 N. Broadway
Denver, CO 89203
Phone: (303) 763-2458
Fax: (303) 832-0076
Web: www.doc.state.co.us

DATE FILED
October 1, 2024 2:43 PM

To: Denver Sheriff Elias Diggins
From: Community Parole Supervisor Jenna Charest
Subject: Craig Robledovaldez #145545, DOB ▇▇▇▇
Date: 3/23/23

Sheriff Diggins,

My name is Jenna Charest and I am a Supervisor for Department of Corrections-Adult Parole. I am writing to you in regards to Craig Robledovaldez and his arrest today, 3/22/23. Robledovaldez paroled on 12/14/22 and before his release from DOC, he was calling the Attorney General's Office stating that once paroled, he would show up to their residences. Robledovaldez then told Parole that he has 300+ DOC staff members home addresses as well as the location of where their children go to daycare/school? He was also in possession of several DOC staff members ID photos? Robledovaldez is currently on parole for 3 counts of Stalking-Threat/Repeated Communication (his victim is ▇▇▇▇▇▇▇▇▇ from a previous DOC sentence). One day after his release, 12/15/22, he contacted one of his protected parties and now has a new misdemeanor charge of VPO out of Douglas County. Unfortunately, Robledovaldez was only in custody for a short period of time for the VPO and had to be released back into the community. Before his release, he is heard on jail recordings getting the home address of myself and his supervising officer and telling people to drive by our house? The Inspector General then opened a case on Robledovaldez for monitoring purposes. On 2/23/23, Robledovaldez had a face to face meeting with both me and his supervising parole officer which was recorded. In this conversation, he told me that people would be showing up to my residence, that he knows people who are "trigger happy" and he can order a drive by shooting at any time. This tape was turned over to Denver Police Department, where the Denver DA filed new charges on 3 counts to Attempt to Influence a Public Servant. It should also be noted that Parole, Denver DA and Douglas DA met recently and they stated that Robledovaldez is now calling them on their personal cell phones and how the previous prosecutors on his case are in fear of the previous threats he has made towards them.

Robledovaldez was arrested on 3/22/23 and booked into your jail on the new felony warrant for Attempt to Influence a Public Servant X3. I am requesting that if Robledovaldez is able to post bond on these charges and due to severe public safety concerns, that he remains in custody at your facility on our parole hold.

Thank you for your consideration,

*Jenna Charest*

Jenna Charest

Third Party Governor's Moses Manuel Stancil, Executive Director

CDOC/Robledo-00093

Daric Harvey Vice-Chairperson
Joe Morales
Davis Talley
Darlene Alcala
Michelle Geng
Greg Saiz
Stephen Holmes
Randi Moore

**Colorado Board of Parole**
1600 W. 24th St., Bldg 54
Pueblo, CO 81003
(719) 583-5800

DATE FILED
October 1, 2024 2:42 PM

August 4, 2023

Craig Robledovaldez #145545
C/O Denver Sheriff Department
PO Box 1108
Denver CO 80201

Dear Mr. Robledovaldez,

The Parole Board does not have jurisdiction to order a parole hold be lifted.

Once the disposition of the pending charges have been met, you will come before the board for your hearing.

Sincerely,

JR Hall
Colorado State Board of Parole Chairperson

CC: File
JRH/kts

# DENVER POLICE DEPARTMENT

## GENERAL OFFENSE HARDCOPY
### DISTRICT ATTORNEY ELECTRONIC SUBMISSION
#### (BRIBERY)

*Colorado for his release)*

*When did he get arrested (violated)?- Craig was arrested at the Broadway Parole Office on 1/11/23. Earlier that day, CPO Hall confirmed with Castle Rock PD that they are filing charges for violation of the protection order and the charge(s) would be filed within the next few days. Craig was arrested due to these pending criminal charge(s) along with being a public safety risk due to potential contact with current victims/protected parties/DOC employees. He was taken to JeffCO because we are allowed 6 parole beds so that was the jail that was able to house him last minute for the time being.*

*What date was he released from Jeffco?- Craig was released from JeffCO on 1/27/23 and was moved to Douglas CO Jail by deputies on their new warrant of VPO. Unfortunately, Craig had to be released from Douglas CO Jail on 2/17/23. CPO Alex Kirscht and CPO Jordan Besenbruch picked Craig up from Douglas CO Jail on 2/17/23, transported him to the Englewood Parole Office where they placed him on GPS (for the 2nd time), and presented him the parole directive paperwork again. Craig refused to sign everything so you hear CPO Bensenbruch hear him read all the directives out loud.*

The assigned detective met with PO Sarah Hall at District 4 on this date. She had brought her older cell phone to attempt to get a 1 hour 30 minute video from it. Due to the file size, it could not be uploaded on Axon or emailed.

Det. Joseph Sartain 05057 was able to transfer it from the phone to his work phone.

Hall related that during the arrest on 01/11/23 for the parole violation, the suspect threatened to send all DOC employees information to convicts inside prison.

Parole Officers feel that the suspect Robledo Valdez is threatening to send person information to convicts inside the prison system. The suspect claims that he had the personal information of DOC officers for one of the many civil suits that he has filed against DOC and its officers. However, for service, the work address would be sufficient for personal service of any suit. The home address is not necessary. This is revealed when he alleges to have the names of the schools where DOC officer's children attend.

03/15/23

The assigned detective reviewed the video from 01/11/23 where the suspect was arrested by PO Hall. Robledo Valdez is placed in handcuffs at the beginning of the video in the Parole Office Lobby.

Much of the video deals with his possessions, specifically whether or not parole staff information in his possession is contraband or not, which is parole business. Robledo Valdez repeatedly says that the information is for multiple lawsuits, as he is a lawsuit machine, and therefore legal paperwork for him to possess. But he also changes his story about the information's use later in the interview when he states he will send it inmates throughout DOC.

There is also discussion about his phone program and whether or not it is functioning properly and

# DENVER POLICE DEPARTMENT

## GENERAL OFFENSE HARDCOPY

### DISTRICT ATTORNEY ELECTRONIC SUBMISSION

#### (BRIBERY)

GO# 2023-119262
STATE CHARGE
WARRANT ISSUED

---

whether or not it had been removed. This is a parole condition and not a law violation.

At 14:17 of the video, the suspect Robledo Valdez states that everyone with a badge wants to handcuff him or shoot him.

He also states that everyone would rather see him back in prison.

At 22:28 of the video, he states that he has spent years amassing every bit of information on DOC staff members, "because that's just how I am."

At 34:39, PO Charest is asking about the staff information in his possession and Robledo Valdez explains that it is from a state and federal lawsuit.

At 35:47, Charest does state that the possession and possible sharing of the information on DOC staff is threatening. She states that she will attempt to determine whether the staff information in his possession is legal paperwork.

At 38:54, Charest states that if she can verify the legitimacy of the information and that he is allowed to possess it, then he will get the information back. After the statement by Charest, Robledo Valdez states that he does not like DOC.

At 39:42, the suspect states (without being asked) that he had information about DOC staff in 27 manila envelopes. He states that he has them divided into nine stacks, for nine different prisons. He states that there are a total of 59 prisoners who at any moment, upon signal from him, or upon his arrest, are going to receive the nine packets of staff information.

He states that the envelopes are going to come in as legal mail through seven different law firms and then it is on these inmates to share and spread them as widely as possible. He states so the information can be shared. Robledo Valdez states that it is not a crime to share information. Robledo Valdez states that since he is not asking anyone to do anything illegal, then he is not doing anything illegal.

He asks is it alarming that 500 prisoners in under 21 days could know where 687 DOC staff members live and where their children go to school? He answers by saying "I presume that's alarming. That's the point."

At 41:16, Robledo Valdez goes on to say that he is so sick and tired of DOC and the way that he has been treated, that this is his contingency plan.

At 41:34, he states that he will share the information that he has amassed and share it as far and a wide as he can, and then wipe my hands of it. He states he is not going to ask anyone to do anything illegal or commit a crime.

At 42:39, a male DOC officer is in the video and asks to search his bag. He states that he is not worried that DOC staff read anything that he has as "it can't change or stop anything."

At 43:03, Robledo Valdez states that he just doesn't care anymore.

At 43:45, Robledo Valdez states that he doesn't know what they (inmates) would do with the information.

---

| | |
|---|---|
| District Court, City and County of Denver, Colorado<br>Lindsey-Flanigan Courthouse, Room 135<br>520 W. Colfax Ave<br>Denver, CO 80204 | FILED IN DENVER COUNTY COURT<br><br>APR 12 2023<br><br>By:_____<br>Clerk of the court |
| Plaintiff:    The People of the State of Colorado<br><br>Defendant:    **CRAIG SEBASTIA ROBLEDO**<br>**(DOB 03/08/1988)** | ▲  COURT USE ONLY  ▲ |
| | Case Number:<br>D0162023CR001653<br><br>Div: Criminal<br><br>Ctrm: 5H/3G |

## MOTION TO MODIFY COUNT(S) ONE, TWO, THREE, DATE OF OFFENSE OF THE FELONY COMPLAINT/INFORMATION

BETH MCCANN, District Attorney in and for the 2nd Judicial District, respectfully moves this Court for permission to modify Counts **ONE, TWO, THREE,** date of offense of the Felony Complaint/Information.

AND AS GROUNDS AND REASONS THEREFORE, shows unto the Court that the facts warrant to modify Counts **ONE, TWO, THREE,** date of offense of the Felony Complaint/Information to reflect the following:

On and Between January 10th, 2023 and February 23rd, 2023

WHEREFORE, the People request to modify Counts **ONE, TWO, THREE,** date of offense of the Felony Complaint/Information.

BETH MCCANN,
District Attorney

By    */s/ Dustin Heard*
Associate Deputy District Attorney
Attorney Registration No. 49871



**STATE OF
COLORADO**

Hall - DOC, Sarah <sarah.a.hall@state.co.us>

---

# Fwd: 2008CR19 Robledo-Valdez
4 messages

---

**Brittney Pierce** ▉▉▉▉▉▉▉▉▉▉▉                                 Fri, Jan 13, 2023 at 10:48 AM
To: "sarah.a.hall@state.co.us" <sarah.a.hall@state.co.us>

---------- Forwarded message ----------
From: **logan, bonnie** <bonnie.logan@judicial.state.co.us>
Date: Thu, Jan 12, 2023 at 8:44 AM
Subject: 2008CR19 Robledo-Valdez
To: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Hello Brittney,

The protection order in the case was vacated on 9/20/17

Bonnie Logan

Court Judicial Assistant

Park County Court

P.O. Box 190

Fairplay, CO  80440

719-836-2940

---

📄 **08CR18 Robl.PDF**
134K

---

**Hall - DOC, Sarah** <sarah.a.hall@state.co.us>                     Fri, Jan 13, 2023 at 11:06 AM
To: Brittney Pierce ▉▉▉▉▉▉▉▉▉▉

Thanks
[Quoted text hidden]
--
Sarah Hall
Community Parole Officer
Specialized Supervision Team

---

CDOC/Robledo-00002

D0162023CR001653                                                      DISCOVERY PAGE 924

1/13/23, 2:28 PM                    State.co.us Executive Branch Mail - Fwd: 2008CR19 Robledo-Valdez



**COLORADO**
Department of Corrections
Division of Adult Parole

P 303.777.5765  |  C 720.595.4591
West Denver Parole Office
236 Wyandot Street., Denver, CO  80223
sarah.a.hall@state.co.us  |  www.doc.state.co.us
***Please be advised, I work a flex schedule and have every other Friday off***

---

**Brittney Pierce** ████████████████                                    Fri, Jan 13, 2023 at 11:09 AM
To: "Hall - DOC, Sarah" <sarah.a.hall@state.co.us>

   Is there any other reason he violated parole, besides a restraining order that has been vacated?
   [Quoted text hidden]

---

**Hall - DOC, Sarah** <sarah.a.hall@state.co.us>                         Fri, Jan 13, 2023 at 11:14 AM
To: Brittney Pierce ████████████████

   I am not able to discuss anything about this case with you. Thank you for the information.
   [Quoted text hidden]

1/12/23, 12:44 PM
Case No. 1:25-cv-00925-RTG    Document 1    filed 03/21/25    USDC Colorado    pg 40 of 70
State.co.us Executive Branch Mail - Fwd: Craig Robledo-Valdez

**STATE OF COLORADO**

Charest - DOC, Jenna <jenna.charest@state.co.us>

# Fwd: Craig Robledo-Valdez
3 messages

Hall - DOC, Sarah <sarah.a.hall@state.co.us>
To: Jenna Charest - DOC <Jenna.Charest@state.co.us>

Thu, Jan 12, 2023 at 7:12 AM

Hey Jenna, are you wanting me to discuss anything with him or anything specific?  Or are you handling?

--------- Forwarded message ---------
From: Cavanaugh, Joe <joe.cavanaugh@hoganlovells.com>
Date: Wed, Jan 11, 2023 at 7:37 PM
Subject: Craig Robledo-Valdez
To: sarah.a.hall@state.co.us <sarah.a.hall@state.co.us>, megan.zimmerman@state.co.us <megan.zimmerman@state.co.us>
CC: Wroblewski, Cory J. <Cory.Wroblewski@hoganlovells.com>


Hi Sarah and Megan,


We represent Craig Robledo-Valdez in one of his federal civil rights cases.  We understand that Craig may have been arrested this evening and taken to Jefferson County Jail.  Would you mind letting me know if either of you has a moment to talk by phone tomorrow, as well as a good number to reach you at?


Best,

Joe



**Joe Cavanaugh**
Senior Associate for Pro Bono


   **Hogan Lovells US LLP**
   Columbia Square

   555 Thirteenth Street, NW

   Washington, DC 20004

Direct:    +1 202 637 2458

Email:    joe.cavanaugh@hoganlovells.com

CDOC/Robledo-00105

D0162023CR001653                                        DISCOVERY PAGE 1047

1/12/23, 10:43 AM                    State.co.us Executive Branch Mail - Fwd: Parolee booking in today (hopefully)

To: "Charest - DOC, Jenna" <Jenna.Charest@state.co.us>
Cc: Denna L Nicoletti <dnicolet@co.jefferson.co.us>, Megan Zimmerman <megan.zimmerman@state.co.us>, Sheila Ruminski - DOC <sheila.ruminski@state.co.us>, Susan DeWispeleare <sbdewispeleare@co.jefferson.co.us>, Tyler Wager <tyler.wager@state.co.us>

Yes thank you all so much! I appreciate the support. Craig wrote down at least 20 to 25 phone numbers during booking and he did state that he would be making phone calls as soon as he was able. Access to phone conversations would be so amazing and appreciative. Thank you all!
[Quoted text hidden]
--

**Sarah Hall**
Community Parole Officer
Specialized Supervision Team

 **COLORADO**
Department of Corrections

P 303.777.5765 | C ██████████
West Denver Parole Office
236 Wyandot Street., Denver, CO 80223
sarah.a.hall@state.co.us | www.doc.state.co.us
***Please be advised, I work a flex schedule and have every other Friday off***

3/31/23, 2:37 PM                    State.co.us Executive Branch Mail - Request for assistance    *(Attachment E-3)*

 **STATE OF COLORADO**

Charest - DOC, Jenna <jenna.charest@state.co.us>

# Request for assistance
6 messages

**Zimmerman - DOC, Megan** <megan.zimmerman@state.co.us>                    Fri, Feb 24, 2023 at 7:54 AM
To: kevin.burke@denvergov.org
Cc: Jenna Charest - DOC <Jenna.Charest@state.co.us>

Good morning Kevin, my name is Megan Zimmerman and I am currently the assigned manager over the Specialized Supervision Unit at Parole. I was given your contact information by Officer Toomey with our FAU. He advised he works with you a lot and advised you may be able to assist me. I have included Jenna Charest in this email since my request directly involves her.

We have an individual currently supervised out of our metro team who made threats to both Jenna Charest and Sarah Hall, an officer out of our West Denver Office. This individual was recently arrested due to a violation of protection order, and while in jail had an individual find the home addresses of both Sarah Hall and Jenna Charest and attempted to find mine, but was unable to at the time. He has also compiled multiple home addresses of individuals who work for the Department of Corrections. He was released from jail on Friday and is back in the community. While they were meeting with this individual yesterday, he advised that he does not want to take retaliation but he will if he needs to and all he has to do is say the word and can have people go to the homes of our employees to slash tires and even conduct drive-by shootings.

He claims to have multiple issues with female officers, and blames them for being revoked on parole last time and the root cause of all his issues on parole. The entire meeting was recorded yesterday. I am reaching out to see with this information if there is enough for the filing of criminal charges and if so, who you would suggest we go through for that? As this happened at our West Denver Office, it would fall within the City of Denver.

Any assistance you can give, I would greatly appreciate it. Thank you.

—
**Megan Zimmerman**
**Community Parole Manager**
**Specialized Supervision Unit**
P 303.763.2458  |  F 303.832.0076  |  ██████████
940 Broadway, Denver, CO 80203
megan.zimmerman@state.co.us  |  www.colorado.gov/cdoc
*"We are committed to providing excellent service to our customers."*

**Charest - DOC, Jenna** <Jenna.Charest@state.co.us>                    Fri, Feb 24, 2023 at 8:53 AM
To: "Zimmerman - DOC, Megan" <megan.zimmerman@state.co.us>
Cc: kevin.burke@denvergov.org

Hey Kevin,

If you need any additional information, I can provide that as well. This guy is super complex and we have several meetings recorded as well as his recorded phone calls from when he was in Jeff CO Jail. This offender is on parole for his conviction of stalking and has several previous convictions of stalking/harassment/retaliation on a victim/witness.

He was paroled on 12/14/22 and contacted one of his protected parties the very next day on 12/15/22 and he was arrested on 1/11/23 on this for a brief period. Before he was arrested on a VPO, he was bringing into the parole office about 20 pages of Correctional Officers Staff Pictures (not for the public record) and was flaunting to staff that he knows where 400+ staff members live, where their kids go to school, and that he would be releasing this information to all his people inside DOC and they could do whatever they wanted with the information. This guy really crosses the line of intimidation.

This is just a glimpse of this guy so if you need any more aggravating info if that would be helpful, please let me know.

[Quoted text hidden]

CDOC/Robledo-00071

https://mail.google.com/mail/u/0/?ik=a34b4c493c&view=pt&search=all&permthid=thread-f:1758724586957929360&simpl=msg-f.1758724586957929293    1/4

3/31/23, 2:37 PM                         State.co.us Executive Branch Mail - Request for assistance

**Jenna Charest**
**Community Parole Supervisor**
**Specialized Supervision Unit-Denver Metro**

P 303.763.2458  |  F 303.832.0076  |  C ███████████
940 Broadway Denver, CO 80203
jenna.charest@state.co.us  |  www.colorado.gov/cdoc
[Quoted text hidden]

---

**Burke, Kevin P. - DPD SP1009 Detective** <Kevin.Burke@denvergov.org>          Fri, Feb 24, 2023 at 8:59 AM
To: "Charest - DOC, Jenna" <Jenna.Charest@state.co.us>

Let me guess, you are talking about Craig Robledo?

[Quoted text hidden]

---

**Charest - DOC, Jenna** <Jenna.Charest@state.co.us>                          Fri, Feb 24, 2023 at 9:10 AM
To: "Burke, Kevin P. - DPD SP1009 Detective" <Kevin.Burke@denvergov.org>

OMG......Yes......ugh
[Quoted text hidden]

---

**Burke, Kevin P. - DPD SP1009 Detective** <Kevin.Burke@denvergov.org>          Tue, Mar 7, 2023 at 8:43 AM
To: "Zimmerman - DOC, Megan" <megan.zimmerman@state.co.us>
Cc: Jenna Charest - DOC <Jenna.Charest@state.co.us>

Here is essentially a synopsis of our first conversation just to get the report going.  Let me know if there are any inaccuracies or things that need to be added.


On 02/24/23, Department of Corrections Community Parole Manager Megan Zimmerman and Parole Officer Jenna Charest #91 contacted the Denver Police Department to make a report regarding a Parolee under their supervision, identified as Craig Robledo Valdez (DOB: ███████).


They advised that Robledo was sentenced to eight years D.O.C. in 2016 for a Jefferson County Case involving Harassment, Stalking, and Intimidation (JCSO 14CR3027). The day that Robledo was released to Parole, he contacted one of the victims in that case in Douglas County and new charges were filed for VPO.


On 01/11/23, Parole was aware of the pending charge and asked him to report to the Parole Office located at 940 N Broadway St in Denver. He arrived with a stack of papers (approx. 300 pages) containing photographs of Department of Corrections employees. Robledo told Parole Officer Jenna Charest that he intends to use the information he acquired on D.O.C. employees which included their addresses and where their children went to school if Pierce essentially made him mad in how they supervised him. Robledo told Parole Officers that he would release the personal information of the employees to inmates in nine D.O.C. facilities and would retain the information as leverage.  Parole acquired the stack of papers which did include photographs of actual Department of Corrections employees. Also in the paperwork were legal papers for Robledo and pictures of D.O.C. facilities.


While in custody in Jefferson County on the Parole hold, Robledo made several recorded phone calls to a female on the outside only identified as Brittany Pierce. Robledo asked Pierce to seek out the home addresses for Parole Officer Jenna Charest, Sarah Hall #508, and supervisor Megan Zimmerman. Through review of the phone calls, Pierce was able to acquire the home addresses for Hall and Charest but not Zimmerman. She relayed that information to Robledo. He told Pierce to have people drive by the houses in an effort to scare and intimidate the Parole Officers. The Parole hold was released and Robledo bonded out. He informed Hall that she and Zimmerman were going to be sued by him and that he

CDOC/Robledo-00072

3/31/23, 2 37 PM                    State.co.us Executive Branch Mail - Request for assistance

will serve Hall at her home since he knew where she lived and that he would have to serve Zimmerman at her work since he was unable to locate her home address.

On 02/23/23, they were made aware that Robledo was trying to contact one of his victims who now resides in ▮▮▮▮▮ They had a scheduled visit with Robledo at the Parole office located at 236 N Wyandot St in Denver that lasted 1.5 hours and was recorded. Robledo had previously told Parole Officers that he knew how to get off of Parole Officer Hall's caseload and that was to sue her. They asked him about that statement during this interview and he told them that that he doesn't want to be a vindictive person and hasn't acted out of retaliation yet by doing "drive-bys" of their houses or slashed their tires. Robledo told Officers that he hates females and believes that they are the root cause of his incarceration and supervised status. The Parole Officers advised that the contact and message that Robledo delivered during that meeting was designed to intimidate and scare them by fearing some sort of retaliation would occur if they did not supervise him in a manner that was acceptable to him. They advised that the interaction has caused them concern and they have changed their daily routine and mindset.

The Inspector General opened a case on Robledo because of his actions and the assigned investigator is Donald Heuerman. Also, recently Robledo has acquired the personal phone number for the assigned District Attorney on his case in Douglas County and has made repeated phone calls to that phone and hung up.

The history of Robledo combined with their current interactions has the Parole Officers on high alert and is causing distress in how they lead their daily life.

[Quoted text hidden]

**Charest - DOC, Jenna** <Jenna.Charest@state.co.us>                    Tue, Mar 7, 2023 at 10:22 AM
To: "Burke, Kevin P. - DPD SP1009 Detective" <Kevin.Burke@denvergov.org>
Cc: "Zimmerman - DOC, Megan" <megan.zimmerman@state.co.us>

Sounds really good. I have made a few corrections, please see below:

**"He arrived with a stack of papers (approx. 300 pages) containing photographs of Department of Corrections employees."**- On 1/11/23, Craig did show up with approx. 100 pages of paperwork, containing pictures of DOC staff members and layouts of various parts of prisons (yard, chow hall, gym, etc). He had 18 pages of DOC staff pictures on him (some of them were duplicates) but then stated that he knows the home addresses/schools/daycares of approx 300 DOC staff members and he would be willing to release this information to offenders in custody and whatever they wanted to do with it they can (implying retaliation). All of this paperwork had a DOC case number stamped on the pages except for these DOC staff pictures as parole took possession of these. This meeting is recorded, however, the recording is so long that CPO Hall is having a hard time getting it uploaded (maybe your department could have better luck?)

**"He informed Hall that she and Zimmerman were going to be sued by him and that he will serve Hall at her home since he knew where she lived and that he would have to serve Zimmerman at her work since he was unable to locate her home address"**- He has not mentioned that CPO Hall is going to be sued, just at this point that myself and Megan will be. On 2/23/23 when I met with him, he stated that I would be served at my house and Megan will be served at the Broadway Office due to him not knowing where she lived. IG Heuerman did state that Craig knows where CPO Hall lives during the recorded phone conversations in Jeffco as well as my home address.

I have attached my email describing the threats he made toward staff on 2/23/23 including ordering a drive-by shooting. This meeting was recorded and will be uploaded into Axon.
[Quoted text hidden]
--
**Jenna Charest**
**Community Parole Supervisor**
**Specialized Supervision Unit-Denver Metro**

P 303.763.2458  |  F 303.832.0076  ·  C ▮▮▮▮▮▮
940 Broadway Denver, CO 80203
jenna.charest@state.co.us  |  www.colorado.gov/cdoc
[Quoted text hidden]

CDOC/Robledo-00073

**2 attachments**

**Robledovaldez 145545- 2.23.23 Meeting.pdf**
78K

**Staff Pictures.pdf**
810K

Case No. 1:25-cv-00925-RTG    Document 1    filed 03/21/25    USDC Colorado    pg 46
of 70    (Attachment E-4

 **STATE OF COLORADO**

**Charest - DOC, Jenna <jenna.charest@state.co.us>**

# Re: Robledo
1 message

**Hall - DOC, Sarah** <sarah.a.hall@state.co.us>                      Thu, Jan 12, 2023 at 12:51 PM
To: "Wager - DOC, Tyler" <tyler.wager@state.co.us>
Cc: "Charest - DOC, Jenna" <Jenna.Charest@state.co.us>, Megan Zimmerman - DOC <megan.zimmerman@state.co.us>

Sounds good.

On Thu, Jan 12, 2023 at 12:40 PM Wager - DOC, Tyler <tyler.wager@state.co.us> wrote:
Perfect.

**Ty Wager**
**Community Parole Team Leader**
Specialized Supervision Unit

Schedule: Tuesday - Friday 0700-1730

P 303.761.3670  |  F 303.761.3703  |  C ███████
300 E Hampden Ave. Suite 100 Englewood, CO, 80113
tyler.wager@state.co.us  |  www.doc.state.co.us

On Thu, Jan 12, 2023 at 12:38 PM Charest - DOC, Jenna <Jenna.Charest@state.co.us> wrote:
got it

On Thu, Jan 12, 2023 at 12:37 PM Megan Zimmerman - DOC <megan.zimmerman@state.co.us> wrote:
Hey if you receive any calls or emails on him please don't respond or
refer to me. It will be all handled above us. This case is also a very
high profile case at our ED level. So everything will be referred up
to John and I.

Sent from my iPhone

--
**Jenna Charest**
**Community Parole Supervisor**
**Specialized Supervision Unit-Denver Metro**

P 303.763.2458  |  F 303.832.0076  |  C ███████
940 Broadway Denver, CO 80203
jenna.charest@state.co.us  |  www.colorado.gov/cdoc
*"We are committed to providing excellent service to our customers."*

--
Sarah Hall
Community Parole Officer
Specialized Supervision Team

 **COLORADO**
Department of Corrections

P 303.777.5766  |  C 720.595.4591

CDOC/Robledo-00107

1/12/23, 12:44 PM                          State.co.us Executive Branch Mail - Fwd: Craig Robledo-Valdez

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see
www.hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except where the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

PRIVACY. Hogan Lovells processes personal data, including data relating to email communications, in accordance with the terms of its privacy policy which is available at www.hoganlovells.com/en/privacy.

--
Sarah Hall
Community Parole Officer
Specialized Supervision Team



C O L O R A D O
**Department of Corrections**
Division of Adult Parole

P 303.777.5765  |  C 720.595.4591
West Denver Parole Office
236 Wyandot Street , Denver, CO  80223
**sarah.a.hall@state.co.us**  |  www.doc.state.co.us
***Please be advised, I work a flex schedule and have every other Friday off***

**Charest - DOC, Jenna** <Jenna.Charest@state.co.us>                    Thu, Jan 12, 2023 at 10:44 AM
To: "Hall - DOC, Sarah" <sarah.a.hall@state.co.us>

I'll handle it. Do we have an ROI for this attorney to your knowledge?
[Quoted text hidden]

--
**Jenna Charest**
**Community Parole Supervisor**
**Specialized Supervision Unit-Denver Metro**

P 303.763.2458  |  F 303.832.0076  |  C ▮▮▮▮▮▮▮▮
940 Broadway Denver, CO 80203
jenna.charest@state.co.us  |  www.colorado.gov/cdoc
*"We are committed to providing excellent service to our customers."*

**Hall - DOC, Sarah** <sarah.a.hall@state.co.us>                    Thu, Jan 12, 2023 at 10:53 AM
To: "Charest - DOC, Jenna" <Jenna.Charest@state.co.us>

Nope. No roi's for any of them.
[Quoted text hidden]



**STATE OF COLORADO**

Charest - DOC, Jenna <jenna.charest@state.co.us>

# Fwd: Craig Robledo-Valdez
3 messages

**Hall - DOC, Sarah** <sarah.a.hall@state.co.us>                    Thu, Jan 12, 2023 at 7:12 AM
To: Jenna Charest - DOC <Jenna.Charest@state.co.us>

Hey Jenna, are you wanting me to discuss anything with him or anything specific?  Or are you handling?

---------- Forwarded message ----------
From: **Cavanaugh, Joe** <joe.cavanaugh@hoganlovells.com>
Date: Wed, Jan 11, 2023 at 7:37 PM
Subject: Craig Robledo-Valdez
To: sarah.a.hall@state.co.us <sarah.a.hall@state.co.us>, megan.zimmerman@state.co.us <megan.zimmerman@state.co.us>
CC: Wroblewski, Cory J. <Cory.Wroblewski@hoganlovells.com>

Hi Sarah and Megan,

We represent Craig Robledo-Valdez in one of his federal civil rights cases.  We understand that Craig may have been arrested this evening and taken to Jefferson County Jail.  Would you mind letting me know if either of you has a moment to talk by phone tomorrow, as well as a good number to reach you at?

Best,

Joe

**Joe Cavanaugh**
Senior Associate for Pro Bono

**Hogan Lovells US LLP**
Columbia Square

555 Thirteenth Street, NW

Washington, DC 20004

Direct:    +1 202 637 2458

Email:    joe.cavanaugh@hoganlovells.com

1/12/23, 10:43 AM                    State.co.us Executive Branch Mail - Fwd: Parolee booking in today (hopefully)

To: "Charest - DOC, Jenna" <Jenna.Charest@state.co.us>
Cc: Denna L Nicoletti <dnicolet@co.jefferson.co.us>, Megan Zimmerman <megan.zimmerman@state.co.us>, Sheila Ruminski - DOC <sheila.ruminski@state.co.us>, Susan DeWispeleare <sbdewispeleare@co.jefferson.co.us>, Tyler Wager <tyler.wager@state.co.us>

Yes thank you all so much! I appreciate the support. Craig wrote down at least 20 to 25 phone numbers during booking and he did state that he would be making phone calls as soon as he was able. Access to phone conversations would be so amazing and appreciative. Thank you all!
[Quoted text hidden]
--

**Sarah Hall**
Community Parole Officer
Specialized Supervision Team

 **COLORADO**
Department of Corrections

P 303.777.5765 | C ▓▓▓▓▓▓▓▓
**West Denver Parole Office**
236 Wyandot Street., Denver, CO 80223
sarah.a.hall@state.co.us | www.doc.state.co.us
***Please be advised, I work a flex schedule and have every other Friday off***

1/12/23, 10:43 AM                    State.co.us Executive Branch Mail - Fwd: Parolee booking in today (hopefully)



**STATE OF
COLORADO**                                      Charest - DOC, Jenna <jenna.charest@state.co.us>

# Fwd: Parolee booking in today (hopefully)
4 messages

**Sheila Ruminski - DOC** <sheila.ruminski@state.co.us>                    Wed, Jan 11, 2023 at 5:03 PM
To: Denna L Nicoletti <dnicolet@co.jefferson.co.us>, Susan DeWispeleare <sbdewispeleare@co.jefferson.co.us>
Cc: Jenna Charest <Jenna.Charest@state.co.us>, Tyler Wager <tyler.wager@state.co.us>, Sarah Hall
<sarah.a.hall@state.co.us>, Megan Zimmerman <megan.zimmerman@state.co.us>

Denna and Sue,

I am unsure who to contact. Denna, I had emailed Sue below about this offender. They believe that when he gets to
Jefferson County Jail, that he is going to start calling people to enact some form of retaliation on the parole officers he has
info on. Is there a way to get copies of his calls in case this does happen?

The Office of the Inspector General sent out a threat assessment oh him, so just want to make sure we are following up
appropriately to get them more info, if there is any. Right now, they don't have enough to mark the threat as founded. I
can get you OIG contact information if necessary.

Sheila Ruminski
Community Parole Supervisor
Englewood Parole Office
300 E. Hampden Ave., Ste. 100
Englewood, CO 80113
P. 303-761-2670, ext. 3005
F. 303-761-3703
C. ██████████
"We are committed to providing excellent service to our customers."

Begin forwarded message:

> **From:** "Ruminski - DOC, Sheila" <sheila.ruminski@state.co.us>
> **Date:** January 11, 2023 at 14:25:40 MST
> **To:** Susan DeWispeleare <sbdewispeleare@co.jefferson.co.us>
> **Subject: Parolee booking in today (hopefully)**
>
>
>   Hey Sue!
>
>   I wanted to send you guys a heads-up on this one that we are going to book in today (if
>   he reports in). RobledoValdez 145545
>
>   He has all jeffco cases that he is on parole for and we are going to move forward with a
>   revocation for technicals. He may have a protection order violation coming his way, but
>   there is nothing that has been filed by any PD yet. He is currently under supervision as
>   a sex offender and has recently acquired paperwork on several staff with their
>   houses/address and their childcare info and the layout of some of the prisons. He is a
>   chronic stalker and making some pretty serious threats...soooooo no more roaming the
>   streets of CO for him.
>
>   **Sheila Ruminski**
>   **Community Parole Supervisor**

CDOC/Robledo-00102

1/12/23, 10:43 AM                              State.co.us Executive Branch Mail - Fwd: Parolee booking in today (hopefully)

Englewood Parole Office



**P** 303.761.2670, ext. 3005  |  **F** 303.761.3703 **or** 303.761.2748
C▮▮▮▮▮▮▮▮▮▮▮▮
800 E. Hampden Ave., Ste. 100, Englewood, CO 80113
sheila.ruminski@state.co.us |  www.colorado.gov/cdoc
*"We are committed to providing excellent service to our customers."*

---

**Sheila Ruminski - DOC** <sheila.ruminski@state.co.us>                    Wed, Jan 11, 2023 at 5:07 PM
To: Denna L Nicoletti <dnicolet@co.jefferson.co.us>, Susan DeWispeleare <sbdewispeleare@co.jefferson.co.us>
Cc: Jenna Charest <Jenna.Charest@state.co.us>, Tyler Wager <tyler.wager@state.co.us>, Sarah Hall
<sarah.a.hall@state.co.us>, Megan Zimmerman <megan.zimmerman@state.co.us>, donald.heuerman@state.co.us

Adding in the intelligence specialist assigned to the case. Below is his contact.

**Donald Heuerman II**
**Intelligence Specialist**
**Office of the Inspector General**
C▮▮▮▮▮▮▮▮▮▮

Sheila Ruminski
Community Parole Supervisor
Englewood Parole Office
800 E. Hampden Ave., Ste. 100
Englewood, CO 80113
P. 303-761-2670, ext. 3005
F. 303-761-3703
C▮▮▮▮▮▮▮▮▮▮
"We are committed to providing excellent service to our customers."

> On Jan 11, 2023, at 17:03, Sheila Ruminski - DOC <sheila.ruminski@state.co.us> wrote:
>
>
>
> [Quoted text hidden]

---

**Charest - DOC, Jenna** <Jenna.Charest@state.co.us>                    Wed, Jan 11, 2023 at 8:47 PM
To: Sheila Ruminski - DOC <sheila.ruminski@state.co.us>
Cc: Denna L Nicoletti <dnicolet@co.jefferson.co.us>, Susan DeWispeleare <sbdewispeleare@co.jefferson.co.us>, Tyler
Wager <tyler.wager@state.co.us>, Sarah Hall <sarah.a.hall@state.co.us>, Megan Zimmerman
<megan.zimmerman@state.co.us>

Thanks Sheila for getting this all together, and thank you Denna and Susan for letting us book him into Jeff CO tonight, it
is very much appreciated.
[Quoted text hidden]
--
Jenna Charest
Community Parole Supervisor
Specialized Supervision Unit-Denver Metro
P 303.763.2458  |  F 303.832.0076  |  C▮▮▮▮▮▮▮▮▮
940 Broadway Denver, CO 80203
jenna.charest@state.co.us  |  www.colorado.gov/cdoc
[Quoted text hidden]

---

**Hall - DOC, Sarah** <sarah.a.hall@state.co.us>                    Thu, Jan 12, 2023 at 7:24 AM

CDOC/Robledo-00103

(Attachment E-7)

 **STATE OF COLORADO**

**Zimmerman - DOC, Megan <megan.zimmerman@state.co.us>**

## 145545-ROBLEDOVALDEZ , CRAIG
1 message

**Charest - DOC, Jenna** <Jenna.Charest@state.co.us>                    Thu, Feb 23, 2023 at 9:31 PM
To: Megan Zimmerman - DOC <megan.zimmerman@state.co.us>, John Cribari - DOC <john.cribari@state.co.us>

Today CPO Hall and I met with Craig Robledovaldez 145545 at the West Denver Parole Office for the following reasons:

\*He needed to sign his summons
\*To sign his DVOMB/SOMB treatment intake paperwork
\*To sign an ROI so parole can disclose Robledovaldez's info with his private investigator per the request of him
\*To inform him that both IPPC and AJ monitoring have declined to accept him as a client due to his high-risk behavior and trying to deinstall the software monitoring program
\*He requested to speak with me on 2/21/23 but due to him not having a cell phone, I met with him in person today. He wanted to talk about getting the DOC staff pictures back but has not provided that this is legal paperwork as he claims
\*To address the comment he made to CPO Brown on 2/21/23 saying that he knows how to get moved off of CPO Hall's caseload but is willing to give her another chance (I needed to get clarification on what he meant when he said this)
\*To introduce him to CPTL Wager and advise that he is transferred to him officially today

During this conversation around the 41:50 mark, Robledovadelz stated that he knows where parole staff live. He disclosed that so far he has not acted out in retaliation yet and he has not asked anyone to come to our houses, to get our tires slashed, or to do a drive-by shooting, that he is "not prepared to go to those lengths right now". I asked him to clarify this statement and he stated that he is consumed with his lawsuits but then said "everything I said I can do, I can do".

It should be noted that earlier in this conversation, he confirmed that he knows where I live, that he has already filed the civil paperwork, and that I will be getting served sometime this week at my house.

I was also told by the IG office that when he was in Jeff CO Jail and his phone calls were being monitored, he was giving my address to his personal investigator and telling her to drive by my house and take pictures.

At the one-hour mark, he makes mention that he knows people who want to "fuck the cops, fuck the man", who are "itching" with their trigger finger, and he is able to keep those people "at bay".

This recording can be found in his shared file in the drive, under Recordings, Robledovaldez 145545 Supervisor Meeting 2/23/23
--
Jenna Charest
Community Parole Supervisor
Specialized Supervision Unit-Denver Metro

P 303.763.2458  |  F 303.832.0076  |  C ██████████
910 Broadway, Denver CO 60903
jenna.charest@state.co.us  |  www.colorado.gov/cdoc
*"We are committed to providing excellent service to our customers."*

CDOC/Robledo-00074

D0162023CR001653                                        DISCOVERY PAGE 1572

DISCOVERY PAGE 1573

(Attachment E-8)

**Sender:** craig.s.robledo@gmail.com
**Sent Date/Time:** Wed, 20 Sep 2023 19:55:47 -0600
**Received Date/Time:** 2023.09.20 18:56:05
**Subject:** Fwd: Meeting
**Attached files:**

DATE FILED: October 4, 2023 2:57 PM

C.S. Robledo, Paralegal

---------- Forwarded message ---------
From: **Craig Sebastian** <craig.s.robledo@gmail.com>
Date: Wed, Jan 11, 2023, 2:42 PM
Subject: Meeting
To: <megan.zimmerman@state.co.us>, Hall - DOC, Sarah <sarah.a.hall@state.co.us>

I am leaving now.
I'll be there in 35 minutes.
I drive safe.

C.S. Robledo, Paralegal

**Sender:**              craig.s.robledo@gmail.com
**Sent Date/Time:**      Wed, 20 Sep 2023 19:51:21 -0600
**Received Date/Time:** 2023.09.20 18:51:40
**Subject:**             Fwd: Proof or Authentication
**Attached files:**


C.S. Robledo, Paralegal

---------- Forwarded message ---------
From: **Craig Sebastian** <craig.s.robledo@gmail.com>
Date: Thu, Mar 2, 2023, 2:44 PM
Subject: Re: Proof or Authentication
To: Gregory Bueno <gregory.bueno@coag.gov>, <elle.dimuro@coag.gov>, James Kerwin
<james.kerwin@coag.gov>, <rebekah.ryan@coag.gov>, <rebjoh12@gmail.com>,
<karen.lorenz@coag.gov>, <nicole.gellar@coag.gov>, <phil.weiser@coag.gov>,
<phillip.weiser@coag.gov>, <pat.sayas@coag.gov>, <patrick.sayas@coag.gov>


I need this proof or Authentication immediately.
Jenna Charest must return everything she took from my backpack on January 11, 2023.

C.S. Robledo, Paralegal

On Sat, Feb 25, 2023, 9:28 PM Craig Sebastian <craig.s.robledo@gmail.com> wrote:
Parole supervisor Jenna Charest has explained to me that she will not return my discovery
documents to me from
16-cv-0192, nor to my attorneys, unless someone from your office can prove to her or explain to her
that the documents were provided to me by Chris Alber and were delivered to me by DOC staff at
Buena Vista on May 22 or 23, 2018.

She's instructed me to do all the legwork.
She had no problem taking them all from me; but has no intention of reaching out to your office to
investigate.

Please send me whatever proof y'all have in file, or simply tell jenna.charest@state.co.us and
sarah.a.hall@state.co.us that your office sent photos of DOC staff to me along with other photos as
part of discovery in 16-cv-00192

C.S. Robledo, Paralegal


- 1 -

**Sender:**        craig.s.robledo@gmail.com
**Sent Date/Time:**      Wed, 20 Sep 2023 19:52:40 -0600
**Received Date/Time:** 2023.09.20 18:52:56
**Subject:**        Fwd: Phone
**Attached files:**


C.S. Robledo, Paralegal

---------- Forwarded message ---------
From: **Craig Sebastian** <craig.s.robledo@gmail.com>
Date: Fri, Mar 3, 2023, 2:28 PM
Subject: Phone
To: <megan.zimmerman@state.co.us>


If I cannot afford a phone right now, or a phone plan, how do I call CWISE?

C.S. Robledo, Paralegal

- 1 -

**Sender:** craig.s.robledo@gmail.com
**Sent Date/Time:** Wed, 20 Sep 2023 19:45:44 -0600
**Received Date/Time:** 2023.09.20 18:46:03
**Subject:** Fwd: AR 250-57
**Attached files:**

C.S. Robledo, Paralegal

---------- Forwarded message ---------
From: **Craig Sebastian** <craig.s.robledo@gmail.com>
Date: Fri, Mar 3, 2023, 2:12 PM
Subject: Fwd: AR 250-57
To: <phil.weiser@coag.gov>, <phillip.weiser@coag.gov>, <elle.dimuro@coag.gov>, Gregory Bueno <gregory.bueno@coag.gov>, James Kerwin <james.kerwin@coag.gov>

This is ridiculous.
The AR doesn't explain anything to me about getting the phone or photos back.
Nor who decides what's "contraband".

There's evidence in the phone i need for my defense in 23M11 and for trial preparation.
I also need it for a civil action i have filed against Jayme Dehoyos and her mom for defamation and slander in Douglas county.

Please instruct megan.zimmerman@state.co.us and jenna.charest@state.co.us
To return the phone and Discovery to my investigator Brittney Pierce.
Y'all can reach her at 303-968-9111

C.S. Robledo, Paralegal

---------- Forwarded message ---------
From: **Charest - DOC, Jenna** <Jenna.Charest@state.co.us>
Date: Fri, Mar 3, 2023, 2:07 PM
Subject: Re: AR 250-57
To: Craig Sebastian <craig.s.robledo@gmail.com>

Mr. Robledovaldez,

Please be advised that parole is acting within policy and procedure and I included the AR number for Brittany to reference this. You also received a seizure slip on the day of your arrest with the property that was taken from you which is also in policy.

On Fri, Mar 3, 2023 at 1:36 PM Craig Sebastian <craig.s.robledo@gmail.com> wrote:
  Good afternoon.
  I read the AR 250-57.
  It doesn't explain criteria for taking paper documents from me.

- 1 -

It does, however state that there should be a crime or criminal matter, and the items must be "contraband".
There is no statement by CDOC indicating my discovery photos, or any photos of staff, are contraband for a parolee.

The AR appears to be a catch all for taking whatever y'all want from a parolee without a process for getting it back.

There's nothing in there about how I'm supposed to get items back.
Nothing about proof of ownership or receipts.
It appears you are using an AR which does not apply to my situation.
That AR is for items taken in connection with criminal activity.

There must be a real procedure for the return of those items.
I did authorize anyine to steal them from me.
I do not authorize CDOC to retain them.
I need them all back.
As I have no phone, and no way to call CWISE, please email me back.

C.S. Robledo, Paralegal

--
Jenna Charest
**Community Parole Supervisor**
**Specialized Supervision Unit-Denver Metro**

P 303.763.2458  |  F 303.832.0076  |  C 720.626.8400
940 Broadway Denver, CO 80203
jenna.charest@state.co.us  |  www.colorado.gov/cdoc
*"We are committed to providing excellent service to our customers."*

I read AR 250-57 And can find nothing about who decides what's contraband or how to get it back.

I'm trying to be reasonable here. But if I don't get answers, I will have a Denver police officer drive here to take down my report for theft and larceny.

CDOC policies are not laws nor statutes.

C.S. Robledo, Paralegal

On Fri, Mar 3, 2023, 1:56 PM Charest - DOC, Jenna <Jenna.Charest@state.co.us> wrote:
Mr. Robledovaldez,

You were given a phone by parole in December and it included three months of paid monitoring software through IPPC but as previously discussed, you de-installed and tampered with the software and became non-compliant with cell phone restrictions. We have also discussed due to your behavior and statements, both IPPC and AJ Monitoring have declined to accept you as a client which means we do not have any contract monitoring services that are willing to take you on as a client.

As discussed on 2/23/23, you are allowed to get a cell phone for the purpose of communication but are not approved to have a cell phone that apps and/or the internet can be downloaded/accessed. Here is a phone that you can purchase; https://troomi.com/. If you decide to purchase this phone, please let CPTL Wager know ASAP because he will need to have access to the parental controls to monitor your activity on this phone.

Because both IPPC and AJ Monitoring have declined to accept you as a client, this means that you are not permitted to possess/own any other smart devices (laptop, tablet, other cell phones, SMART TV, etc) since every device requires that specific monitoring and you are not eligible for this at this time. This includes the laptop that you stated can be checked out at the library which is not permitted.

Per CPM Zimmerman, parole has made the exception for you to access a computer at your local library. The library computer should have PowerPoint. It will need to be staffed to let you come to the Broadway Parole Office to work on your legal paperwork.

It has been staffed by management that we will not be releasing your cell phone to Brittney Pierce. I have also attached CPM Zimmerman to this email so she is also aware of your requests.

On Thu, Mar 2, 2023 at 5:57 PM Craig Sebastian <craig.s.robledo@gmail.com> wrote:
Hello.
Ill make this quick:
1. I cant call CWISE without a phone. I cant keep asking my roommates to let me use their phones.
Its interesting that Parole mandates we call CWISE, yet, we are expected to buy a phone and a plan in order to do this.
2. I have repeatedly asked the Attorney General for assistance with the proof of Discovery. No one responds.
3. Victoria will bring me all my property on Monday or Tuesday. She will authorize release of the phone.

I just received additional information from parole about RobledoValdez

He told the parole officer and her supervisor that the envelopes were ready to go and all he has to do is make the call. He told them they would be mailed to various CDOC Facilities as legal mail. It is unknown what law firms will be used as the sending address. However he did list the following Attorneys/Law Firms of which he is a client.

Attorney Cory Wroblewski from the Hogan Lovells Law Firm
Attorney Joe Cavanaugh (unknown law firm)
Attorney Andrew Contiguglia from the Contiguglia Law Firm
Mark Burton (Unknown law firm)
Mariposa Law Office (Unknown attorney)

It is unknown if the mail will come from these addresses but it did sound to the parole officers that the mail could be possibly coming from one of them.

Please let your facility mailrooms to watch for any mail from these law firms and if they receive anything to contact the facility investigator so it can be verified to have been sent by the law firm.

Thank you and safe!

On Thu, Jan 12, 2023 at 10:28 AM Heuerman - DOC, Donald <donald.heuerman@state.co.us> wrote:
Hello All

Attached is the updated threat assessment regarding offender RobledoValdez, Craig 145545. He was booked into Jefferson County Jail last night and made threats to release CDOC employee information once he was able to make phone calls while in Jail. The jail has provided the IG's office access to monitor his phone calls and placed him on a mail watch. Should any related information be heard or read an updated TA will be released.

He was found with multiple staff photos when he arrived at the parole office prior to being booked into the jail. There were 18 photos. 4 of them were duplicates and 9 of them are of former staff. The IG's Office will notify the appointing authority for the facility at which the other 5 currently work.

Please feel free to reach out to the Office of the Inspector General at doc_staffthreat@state.co.us with any questions and/or additional information.

Thank you and stay safe!!

--
**Donald Heuerman II**
**Intelligence Specialist**
**Office of the Inspector General**



**COLORADO**
Department of Corrections
Office of the Inspector General

P 719.226.4692 C 719.377.0137
1250 Academy Park Loop, Colorado Springs, CO 80910
donald.heuerman@state.co.us  |  www.doc.state.co.us

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and / or legally privileged information. It is solely for the use of the intended recipient / recipients. Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act (Title 18 USC SS 2510-2521). If you are not the intended recipient, please contact the sender and destroy all copies of this communication.

--
**Donald Heuerman II**
**Intelligence Specialist**
**Office of the Inspector General**

3/31/23, 2:44 PM                        State.co.us Executive Branch Mail - Fwd: ENCRYPT RE: Police report request; Robledovaldez, Craig dob 03-09-1988

 **STATE OF
COLORADO**

**Charest - DOC, Jenna <jenna.charest@state.co.us>**

---

# Fwd: ENCRYPT RE: Police report request; Robledovaldez, Craig dob 03-09-1988
1 message

---

**Hall - DOC, Sarah** <sarah.a.hall@state.co.us>                          Wed, Mar 8, 2023 at 10:11 AM
To: Jenna Charest - DOC <Jenna.Charest@state.co.us>

> This Email was sent securely by Proofpoint Encryption

Ryan Hannars

---------- Forwarded message ---------
From: **Hall - DOC, Sarah** <sarah.a.hall@state.co.us>
Date: Fri, Feb 24, 2023 at 11:06 AM
Subject: Re: ENCRYPT RE: Police report request; Robledovaldez, Craig dob 03-09-1988
To: <rhanners@crgov.com>

Hi Ryan!

We are working on new charges with DPD for Mr. Robledovaldez and the detective at DPD is wondering if it is possible
for you to get an aggravation warrant or something similar to pull full records/reports on his facebook/instagram accounts
because of this violation of protection order charge?DPD and we are hoping for.

Just to give you a little background:..he has made threats, viable threats toward myself and my supervisor. Has our home
addresses and has put in several lawsuits and is using those lawsuits and the knowledge that he has our personal
information against us to try and intimidate and persuade our decision making. Any help, at all that you can help us with
would be so amazing.

On Mon, Jan 23, 2023 at 9:09 AM Hall - DOC, Sarah <sarah.a.hall@state.co.us> wrote:
> I completely get it. Thank you again, Ryan.

> On Mon, Jan 23, 2023 at 8:32 AM Ryan Hanners via Proofpoint <do-not-reply@state.co.us> wrote:

>> This Email was sent securely by Proofpoint Encryption

>> Yes. I sent it over last week, but they tend to be pretty slow sometimes, unless there's some other circumstances.
>> You can probably reach out to Doug Bechtel he's the felony intake DA, and his office number is 720-733-4557.

>> **From:** Hall - DOC, Sarah
>> **Sent:** Mon, 23 Jan 2023 08:14:15 -0700
>> **To:** rhanners@crgov.com
>> **Cc:**
>> **Subject:** Re: ENCRYPT RE: Police report request; Robledovaldez, Craig dob 03-09-1988

>> This Email was sent securely by Proofpoint Encryption

>> Ryan,

>> Do you have a contact for the DA? I'm still not showing the charges have been filed. Do you know who I can reach
>> out to?

>> On Wed, Jan 18, 2023 at 1:45 PM Hall - DOC, Sarah <sarah.a.hall@state.co.us> wrote:

(Exhibit T-1)

**11:57**  .all LTE 🔋



**Sarah**

Tue, Feb 21, 1:06 PM

You may want to read robledos chrons from today.

Stand by

This guy

Also, WTH does he mean by getting you off his caseload?

He's gonna claim PERA or something?

Idk. I'm pretty nervous though. He's so unpredictable. And we know he has issues with women. He stalks and harasses women! Ughhhh

I have a meeting with Megan tomorrow morning to go over a game plan with him

I'm so incredibly over this guy

What's your work schedule this week so I can meet up with you

In field all day tomorrow. Thursday office till 2. Field after Friday remote. Will any of those work?

I'm a very over him as well. Very

  iMessage 

Case Name _Robledo_ v. _Charest_    Case Number: _23S00137_

## AFFIDAVIT OF SERVICE
### (Must be returned to Court)

I swear/affirm under oath that I am 18 years or older and not a party to the action, and that I served the *Notice, Claim, and Summons to Appear for Trial (JDF 250)* on the following:

| Name of Person Served | Date and Time of Service | Address of Service (Street, County, City, State) |
|---|---|---|
| | | |

**Check type of Service:**

☐ By handing the documents to a person identified to me as the Defendant.

☐ By identifying the documents, offering to deliver them to a person identified to me as the Defendant who refused service, and then leaving the documents in a conspicuous place.

☐ By leaving the documents at the Defendant's usual place of abode with _____ (Name of Person) who is a member of the Defendant's family and whose age is 18 years or older. (Identify family relationship) _____.)

☐ By leaving the documents at the Defendant's usual workplace with _____ (Name of Person) who is the Defendant's secretary, administrative assistant, bookkeeper, or managing agent. (Circle title of person served.)

☐ By leaving the documents with _____ (Name of Person), who as _____ (title) is authorized by appointment or by law to receive service of process for the Defendant.

☐ By leaving the documents with an officer, partner, manager, stockholder, elected official or functional equivalent pursuant to C.R.C.P. 304 _____ (please identify) of the corporation or non-corporate entity which was to be served. (Circle title of person who was served.)

☐ By serving the documents as follows (other service under C.R.C.P. 304: _____

I have charged the following fees for my services in this matter:

☐ Private process server
☐ Sheriff, _____ County
   Fee $ _____ Mileage $ _____

_____
Signature of Process Server

_____
Name (Print or type)

Subscribed and affirmed, or sworn to before me in the County of _____, this _____ day of _____, 20 _____, State of _____

My Commission Expires: _____

_____
Notary Public

## CERTIFICATE OF SERVICE BY MAILING
### (To be performed by Clerk within three days of filing)

I hereby certify that on _____ (date), I mailed a true and correct copy of the *NOTICE, CLAIM, AND SUMMONS TO APPEAR FOR TRIAL*, by placing it in the United States Mail, postage pre-paid to the Defendant(s) at the address(es) listed above.

_____
Clerk of Court/Deputy Clerk

☐ (If applicable) Plaintiff(s) notified of non-service on (date) _____. Clerk's Initials _____

JDF 250 SC  R1-22  (PART 4/ PAGE 7)    NOTICE, CLAIM AND SUMMONS TO APPEAR FOR TRIAL    COURT COPY

[Attachment SC-2]



Inmate: _C S Fields 19497_
Douglas County Jail
4000 Justice Way
Castle Rock, CO 80109

UNCENSORED INMATE MAIL,
DOUGLAS COUNTY JAIL,
CASTLE ROCK, CO

o Denver Small Claims Court
1437 Bannock St.
Denver, Co 80202

80202-533799

LEGAL MAIL

☐ County Court ☑ District Court ☐ Denver Juvenile Court ☐ Denver Probate Court

DENVER County, Colorado

Court Address: 520 W. Colfax Avenue
Denver CO 80202

Plaintiff/Petitioner: Craig Robledo

v.

Defendant/Co-Petitioner/Respondent: Jenna Charest and City and County of Denver

Attorney or Party Without Attorney (Name and Address):
C.S. Robledo, Paralegal
1650 Hwy 492
Walnut Grove, MS 39189

Phone Number:
FAX Number:
E-mail:
Atty. Reg. #:

▲ COURT USE ONLY ▲

Case Number: 25 CV _____

Division    Courtroom

## INMATE MOTION REQUESTING TO:
## FILE WITHOUT PREPAYMENT OF FILING/SERVICE FEES PURSUANT TO §13-17.5-103, C.R.S

### Information to Applicant

Any inmate who is allowed to proceed in a civil action as a poor person shall be required to pay the full amount of the filing fee and service of process fees previously paid by the Court as follows:
◆ The Court will require an initial partial payment if the inmate has ten dollars or more in his/her account.
◆ The Court will require continuous monthly payments equal to 20% of the preceding month's deposit in the inmate account until the filing fee and service of process fees are paid in full.

I, Craig S. Robledo _____, respectfully move the Court for an order to proceed without a prepayment of the following filing fees: ☑ complaint ☐ petition ☐ answer ☐ response ☐ motion to modify ☐ service fees ☐ other: _____ as grounds that I do not have adequate funds available in my inmate account and have a meritorious claim.

### All items must be fully completed.  Print or type neatly.

1. **Information about the Applicant:**
   Name: CRAIG ROBLEDO, Paralegal    Inmate/DOC #: 251129
   Name of Facility: Walnut Grove CF
   Address: 1650 Hwy 492
   City: Walnut Grove  State: MS  Zip Code: 39189

2. **Amount of funds currently held in Inmate Account:**
   Balance is $ 212.56 as of 02/18/25 (date).
   ☑ Attached is a copy of my inmate account for six-months preceding the filing of this Motion.  **This copy must be certified by an appropriate official at the detention facility.**
   ☑ By checking this box, I am acknowledging I am filling in the blanks and not changing anything else on the form.
   ☐ By checking this box, I am acknowledging that I have made a change to the original content of this form.

I swear under penalty of perjury that all information provided is true and complete.

Date: 02/28/25

Signature of Applicant

JDF 201  R04/18    INMATE MOTION REQUESTING TO FILE WITHOUT PREPAYMENT OF FILING/SERVICE FEES

RECEIVED

FEB 17 2025

**FINANCIAL AUTHORIZATION**
**TO BE COMPLETED BY PETITIONER** INMATE LEGAL ASSISTANCE PROGRAM

Authorization for Release of Institution Account Information
and Payment of the Filing Fees

I, _Craig Robledo_____, MDOC# _251129_,
authorize the Clerk of Court to obtain, from the agency having custody of my person,
information about my institutional account, including balances, deposits and withdrawals.
The Clerk of Court may obtain my account information from the past six (6) months and
in the future, until the filing fee is paid. I also, authorize the agency having custody of
my person to withdraw funds from my account and forward payments to the Clerk of
Court, in accord with 28 U.S.C. Section 1915.

_02/09/25_
Date

_(signature)_
Signature of Petitioner

> **IT IS THE PETITIONER'S RESPONSIBILITY TO HAVE THE APPROPRIATE**
> **PRISON OFFICIAL COMPLETE AND CERTIFY THE CERTIFICATE BELOW**

**CERTIFICATE**
*(Inmate Accounts Only)*
**TO BE COMPLETED BY AUTHORIZED OFFICER**

I certify that the Petitioner named herein has the sum of $ _212.56_
on account to his credit at _WGCF_____, MDOC Facility, where
he is confined. I further certify that the Petitioner has the following securities to his
credit according to the records of said institution: _0 N/A_

I further certify that during the last six (6) months the
Petitioner's average monthly balance was $ _57.00_

I further certify that during the last six (6) months the
Petitioner's average monthly deposit was $ _300.00_

I further certify that Petitioner has made the following withdrawals within
the past thirty (30) days: _26.44, 19.09, 9.74, 24.84, 15.3_

_601-932-2880_
Telephone Number

_Yolanda Odum_
Authorized Officer of Inmate Accounts

_2-17-25_
Date

_Yolanda Odum_
Print Name of Authorized Officer

# CMCF
## Resident Activity Report

| Resident Id: | 0251129 | Run Date: | 08/05/2024 |
| Full Name: | ROBLEDO-VALDEZ, CRAIG | From: | 04/05/2024 |
| Housing: | CMCF, CMCF 1A YARD, BLD B, ZONE A, BED 0001 | To: | 08/05/2024 |

### Beginning Balances

| Account | Balance | Debt | Payable |
|---|---|---|---|
| Legal Postage | $0.00 | $0.00 | $0.00 |
| Trust | $0.00 | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |

### Ending Balances

| Account | Balance | Debt | Payable |
|---|---|---|---|
| Legal Postage | $0.00 | $0.00 | $1.38 |
| Trust | $84.62 | $0.00 | $0.00 |
| | $84.62 | $0.00 | $1.38 |

### Activity

| Task # | Date | Type | Comment | Entry # | Amount | Balance | Debt | Payable |
|---|---|---|---|---|---|---|---|---|
| 8666280 | 06/21/2024 | Intake | Automated Intake | | $0.00 | $0.00 | $0.00 | $0.00 |
| 8666281 | 06/21/2024 | Change Housing | Intake Housing Assignment | | $0.00 | $0.00 | $0.00 | $0.00 |
| 8678392 | 06/24/2024 | Resident Deposit | Internet | | $50.00 | $50.00 | $0.00 | $0.00 |
| 8680567 | 06/25/2024 | Transfer Other Funds | ViaPath Phone | | -$7.00 | $43.00 | $0.00 | $0.00 |
| 8683609 | 06/25/2024 | Sale | Debit Sale | | -$42.63 | $0.37 | $0.00 | $0.00 |
| 8696481 | 06/28/2024 | Resident Charge | LEGAL POSTAGE 06/2024 | | -$2.56 | $0.00 | -$2.19 | $0.37 |
| 8701514 | 06/29/2024 | Resident Deposit | Internet | | $50.00 | $47.81 | $0.00 | $2.56 |
| 8701697 | 06/29/2024 | Transfer Other Funds | ViaPath Phone | | -$1.00 | $46.81 | $0.00 | $2.56 |
| 8701792 | 06/29/2024 | Transfer Other Funds | ViaPath Phone | | -$2.00 | $44.81 | $0.00 | $2.56 |
| 8704343 | 06/30/2024 | Resident Deposit | Internet | | $50.00 | $94.81 | $0.00 | $2.56 |
| 8704538 | 06/30/2024 | Transfer Other Funds | ViaPath Phone | | -$2.00 | $92.81 | $0.00 | $2.56 |
| 8706815 | 06/30/2024 | Change Housing | Automated Housing Change | | $0.00 | $92.81 | $0.00 | $2.56 |
| 8708411 | 07/01/2024 | Group Withdrawal | LEGAL POSTAGE 06/2024 | 33785 | -$2.56 | $92.81 | $0.00 | $0.00 |
| 8708584 | 07/01/2024 | Resident Deposit | Internet | | $50.00 | $142.81 | $0.00 | $0.00 |
| 8715328 | 07/02/2024 | Transfer Other Funds | ViaPath Phone | | -$3.00 | $139.81 | $0.00 | $0.00 |
| 8717084 | 07/02/2024 | Sale | Debit Sale | | -$133.70 | $6.11 | $0.00 | $0.00 |
| 8722209 | 07/03/2024 | Transfer Other Funds | ViaPath Phone | | -$1.00 | $5.11 | $0.00 | $0.00 |
| 8725873 | 07/04/2024 | Transfer Other Funds | ViaPath Phone | | -$2.00 | $3.11 | $0.00 | $0.00 |
| 8726167 | 07/04/2024 | Transfer Other Funds | ViaPath Phone | | -$2.00 | $1.11 | $0.00 | $0.00 |

Activity

| Task # | Date | Type | Comment | Entry # | Amount | Balance | Debt | Payable |
|---|---|---|---|---|---|---|---|---|
| 8829885 | 08/01/2024 | Resident Charge | LEGAL POSTAGE 07/2024 | | -$1.38 | $84.62 | $0.00 | $1.38 |
| Ending Balances | | | | | | $84.62 | $0.00 | $1.38 |

US POSTAGE **PITNEY BOWES**

$ 004.01°

ZIP 39189
02 7H
0006033146    MAR 13 2025

FIRST-CLASS

C.S. Robledo, Paralegal
MDOC# 251129
Walnut Grove Correctional Facility
P.O. Box 389
1650 MS Hwy 492
Walnut Grove, MS 39189

**ILAP**
**APPROVED LEGAL MAIL**

MAR 13 2025

MANILA

U.S. District Court of Colorado

901 19th Street

Denver, Co    80294

